```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------x
UNITED STATES OF AMERICA            :
                                    :
                                    :   20-cr-188-1 (JSR)
        -v-                         :
                                    :   OPINION AND ORDER
RUBEN WEIGAND,                      :
                                    :
        Defendant.                  :
                                    :
------------------------------------x
```

JED S. RAKOFF, U.S.D.J.

Defendant Ruben Weigand moves for reconsideration of the Court's denial of bail pending trial.

The Eighth Amendment to the United States Constitution guarantees reasonable bail. See U.S. Const. amend. VIII ("Excessive bail shall not be required."). To that end, Congress has authorized courts to order that a defendant be detained pending trial only where "no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community." 18 U.S.C. § 3142(e)(1).

There is no allegation that Weigand is a danger to the community. However, the Government argues, and the Court previously determined, that Weigand was a flight risk. Weigand is a German national, and all agree that if he fled to Germany, Germany would likely not extradite him without his consent. Nonetheless, this would not be enough standing alone to show a

1

risk of flight because Weigand's only passport is in the custody of the United States authorities. However, Weigand also has substantial wealth. With that wealth, and even without a passport, if he were released on his own recognizance there is a substantial risk that Weigand would flee. Accordingly, the Court ordered that Weigand be detained pending trial. Mar. 17, 2020 Tr., ECF No. 23; Order Denying First Reconsideration Mot., ECF No. 28 (Apr. 27, 2020).

Now, however, the defendant has presented a comprehensive bail package that, in the Court's view, will reasonably assure his appearance at trial. As described more fully below, Weigand offers a $3 million bond, secured by $470,000 cash collateral provided by friends and family and co-signed by seven individuals to the amount of $1.15 million; 24/7 confinement in an apartment without visitors (except when meeting with counsel or as approved by Pre-Trial Services); 24/7 surveillance by armed security guards retained at defendant's expense but authorized by the Court to use reasonable force to prevent flight; supervision and electronic monitoring, as directed by Pre-Trial Services; and waivers of his rights to challenge extradition and to seek additional travel documents. The Court is convinced that this set of conditions will reasonably assure his presence at trial, so the Court is statutorily obligated to grant Weigand's motion and to order that he be released.

The Government, in addition to objecting generally to Weigand's release, objects to a principal component of the bail package proposed by Weigand -- that he hire, at his own expense, private armed security guards authorized by the Court to use reasonable force to detain him and prevent his escape. The Government cites United States v. Boustani, 932 F.3d 79 (2d Cir. 2019). In Boustani, the Second Circuit held that the district court did not clearly err in denying bail in a somewhat analogous situation, reasoning that "[a] similarly situated defendant of lesser means surely would be detained pending trial, and Boustani is not permitted to avoid such a result by relying on his own financial resources to pay for a private jail." Id. at 83. More generally, the Second Circuit rejected what it called "a two-tiered bail system," id. at 82, finding that such a system would violate a "fundamental principle of fairness," id., that sounds in equal protection.

But equal protection works both ways. If defendants are to be treated similarly, without regard to wealth, then Weigand cannot be detained when an otherwise similarly situated indigent defendant would be released. To that end, the Second Circuit recognized that a private security arrangement "may be appropriate where the defendant is deemed to be a flight risk primarily because of his wealth." Boustani, 932 F.2d at 82; see also United States

3

v. Sabhnani, 493 F.3d 63 (2d Cir. 2007) (approving such an arrangement).

This is precisely such a case. The Government, and this Court, have repeatedly emphasized Weigand's wealth in explaining the risk of flight. Oct. 2, 2020 Tr. (to be docketed) (argument of Government) (arguing that Weigand could flee using his wealth and comparing him to Carlos Ghosn); Govt Opp. to Second Reconsideration Mot., ECF No. 99, at 2 ("The defendant appears to have significant personal wealth."); id. at 5 ("Weigand is a wealthy German citizen."); Order Denying First Reconsideration Mot., ECF No. 28, at 4 ("[H]e has substantial personal wealth, giving him the means and wherewithal to flee the jurisdiction in spite of the usual obstacles such as having his passport confiscated or being electronically monitored."); March 17, 2020 Tr., ECF No. 23, at 9 (argument of Government) ("[W]e're talking about a group of people that have access, I think it is fair to say, to substantial resources, many of which may be offshore."); id. at 27 (order of Court) (reasoning that Weigand has the "wherewithal to flee" and comparing him to wealthy businessmen who have done so).

The Court concludes that if Weigand can use his resources to ameliorate the risk of flight and reasonably assure his presence at trial, then the fundamental fairness principle identified in Boustani, as well as the Eighth Amendment and 18 U.S.C. § 3142(e),

4

require his release.  And the Court concludes that Weigand's proposed bail package does so.

Independently, under the unique circumstances of the COVID-19 pandemic, Weigand must be released to permit him to adequately prepare for trial.  Under 18 U.S.C. § 3142(i), a court may order the "temporary release" of a defendant "to the extent that the judicial officer determines such release to be necessary for preparation of the person's defense or for another compelling reason."  This is a complex, document-heavy white-collar case.  Although, despite the pandemic, federal jails in this district now permit some in-person attorney visits, if the defendant were housed in such a facility this unusually complex case would present that facility with significant challenges leading up to trial and it seems almost certain that the facility would not be able to provide the kind of full access needed here for proper preparation.

The jury trial in this case has been firmly set for December 1, 2020.  The Court is committed to proceeding on that date.  The logistical challenges of arranging a new trial date under present circumstances would be extraordinary and the ensuing delays could jeopardize the defendants' speedy trial rights.

For these reasons, the Court grants Weigand's motion and orders his release pending trial in accordance with the schedule set forth below and with the following conditions:

1. Weigand will sign a $3 million personal recognizance bond, secured by $470,000 in cash collateral provided by Weigand's close friends and family, and seven financially responsible co-signers who shall sign the bond to the extent of $1.15 million.  The defense shall promptly identify the seven financially responsible co-signers to the Government; but regardless of whether the Government finds them satisfactory, that will not delay defendant's release.  However, if the Government finds that the co-signers are unsatisfactory to the Government, then the Government can apply to the Court for further action, even including remand.
2. Weigand must be released from the facility where he is currently housed in Santa Ana, California, by no later than Friday, October 9.  If the Government can promptly make arrangements, Weigand will then be transported from California to New York by plane under the supervision of the U.S. Marshals, no later than Friday, October 9. Alternatively, at the Government's election or if the Government is unable to transport Weigand to New York by plane no later than Friday, October 9, then Weigand will be released to the custody of the retained private security guards and transported from California to New York by plane under the supervision of said guards, at his own expense, by no later than Friday, October 9.

3. Immediately upon Weigand's arrival in New York, he shall be escorted by the Marshals or by his private security guards to an apartment in Manhattan rented at his expense, the location of which shall be furnished beforehand to Pre-Trial Services and the Government. He shall remain there at all times of day and night but may leave to meet his counsel at their New York office under the supervision of armed security guards. Any other exceptions must be expressly authorized by Pre-Trial Services or this Court, in writing, in advance.

4. Weigand's detention in the rented apartment will be secured at all times by on-premises armed security guards, paid for by Weigand.

5. Weigand will give his express consent in writing to the use of reasonable force by the armed security guards to thwart any attempt to flee or to leave his apartment for any reason not authorized by this Order, Pre-Trial Services, or the Court. In addition, the Court hereby authorizes such use of force.

6. With the exception of Weigand's counsel, who will be permitted to visit Weigand freely, any visitors for Weigand will require express pre-approval in writing by Pre-Trial Services.

7. Weigand will be subject to strict supervision and electronic GPS monitoring, as directed by Pre-Trial Services.

8. Weigand will execute a waiver of his right to challenge extradition from both Germany and Luxembourg.[1]

9. Santa Ana Jail is directed to release Weigand from its custody into the custody of the U.S. Marshals Service no later than Friday, October 9. If the U.S. Marshals Service will be unable to transport Weigand to New York by plane by October 9, then the U.S. Marshals Service shall so notify the Santa Ana Jail, which shall release Weigand into the custody of the private security guards described above no later than Friday, October 9. The Government is hereby ordered to take all necessary steps to effectuate this release and transfer.

SO ORDERED.

Dated:   New York, NY
         October 5, 2020

_____
United States District Judge

---

[1] The defense has represented that Weigand's German passport, his only travel document, is in the possession of U.S. authorities. The German Missions in the United States have agreed not to issue Weigand a new passport pending trial. Weigand has also executed and delivered to the German Consulate a declaration confirming that he will not apply for a passport if he is released on bail. See ECF No. 98-1, at 6.