UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 1:20-cr-00188 |
| -against- | Hon. Jed S. Rakoff |
| Hamid Akhavan, | **[PROPOSED] PROTECTIVE ORDER** |
| a/k/a "Ray Akhavan," and | |
| Ruben Weigand, | |
| Defendants. | |

Upon the application of the Defendants Ruben Weigand and Hamid "Ray" Akhavan (together, the "Defendants"), the Court issues this protective order to address the production of discovery material to Defendants by non-parties to this action ("Third Parties," and this order the "Third Party Protective Order"), and in so doing finds and orders as follows:

1.     Unless ordered by the Court or otherwise provided for herein, all documents, objects, and information (including electronically stored information) produced to the Defendants by Third Parties in connection with this action ("Third Party Discovery Material"), whether in response to subpoenas issued pursuant to Federal Rule of Criminal Procedure 17 or other requests, and whether or not marked Highly Confidential by any Third Party, shall be treated as confidential, and will be held and used by the Defendants, their counsel, and personnel employed by or contracted by defense counsel for the purposes of defending this action solely for the purpose of their defense in the above-captioned action (the "Case").  Such material shall not be shared or publicly disseminated except in accordance with this Order.

2.      Third Parties may designate portion[s] of Third Party Discovery Material as "Highly Confidential" by stamping or otherwise clearly marking as "Highly Confidential" the protected portion in a manner that will not interfere with legibility or audibility, and, to the extent any party to this action might seek to introduce at trial any document so marked, by producing for public use another copy of said Third Party Discovery Material with the confidential information redacted.

3.      The Third Party producing any given Third Party Discovery Material may designate as Highly Confidential material that consists of:

(a)     previously nondisclosed confidential business information, trade secrets or financial information;

(b)     any information of a personal or intimate nature regarding any individual; or

(c)     any other category of information hereinafter given confidential status by the Court.

4.      If at any time prior to the trial of this action, a producing Third Party realizes that some portion[s] of Third Party Discovery Material that that Third Party previously produced should be designated as Highly Confidential, it may so designate by so apprising Defendants in writing, and such designated portion[s] of the Third Party Discovery Material will thereafter be treated as Highly Confidential under the terms of this order.

5.      Any party who objects to the designation of Third Party Discovery Material as Highly Confidential may at any time prior to the trial of this action serve upon counsel for the designating Third Party a written notice stating with particularity the grounds of the objection or request.  If agreement cannot be reached promptly, counsel for all affected parties will convene a joint telephone call with the Court to obtain a ruling.

6.    The Defendants may only disclose Third Party Discovery Material (whether designated Highly Confidential or otherwise) to:

(a)    the Defendants, their counsel, and personnel employed by or retained by defense counsel, for purposes of defending this action;

(b)    the Government;

(c)    as to any document, its author, its addressee, and any other person indicated on the face of the document as having received a copy;

(d)    any individual who defense counsel in good faith believes may be either a prospective witness in this action, or who may be able to provide the defense with leads to additional evidence or who is retained to provide advice, expertise, or other non-administrative services in connection with this matter and these individuals' counsel; and

(e)    the Court and its support personnel.

7.    Highly Confidential Third Party Discovery Materials may be displayed to and discussed with persons identified in Paragraphs 6(c) and 6(d) only on the condition that, prior to any such display or discussion, each such persons shall execute the agreement set forth in Annex A to this Order, and agree to by bound by this Order. In the event such person refuses to sign an agreement, the party desiring to disclose the Highly Confidential Third Party Discovery Material to such party may seek appropriate relief from the Court.

8.    Each person who has access to the Highly Confidential Third Party Discovery shall have a duty to take due precautions to prevent the unauthorized or inadvertent disclosure of such material.

9.      The Third Party producing Third Party Discovery Material may authorize, in writing, disclosure of Third Party Discovery Material, including any Highly Confidential Third Party Discovery Material, beyond that otherwise permitted by this Order without further Order of this Court.

10.     This Order does not prevent the disclosure of any Third Party Discovery Material, including any designated as Highly Confidential, in any hearing or trial held in this action, or to any judge or magistrate judge, for purposes of this action.  Such disclosures shall be made pursuant to the rules and any further order of this Court.

11.     However, any Highly Confidential Third Party Discovery Material pertinent to any motion before the Court should initially be filed under seal, absent consent of the Third Party producing such Highly Confidential Third Party Discovery Material, or Order of the Court.  All filings should comply with the privacy protection provisions of Fed. R. Crim. P. 49.1 and the rules of this Court, and should be marked with the following statement:

**CONTAINS HIGHLY CONFIDENTIAL MATERIAL**

**FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER.**

12.     All persons are hereby placed on notice that the Court is unlikely to seal or otherwise afford confidential treatment to any Discovery Material (including Third Party Discovery Material) introduced in evidence at trial, or Highly Confidential even if such material has previously been sealed or designated as Confidential. The Court also retains unfettered discretion whether or not to afford confidential treatment to any Confidential or Highly Confidential Document or information contained in any Confidential or Highly Confidential Document submitted to the Court in connection with any motion, application, or proceeding that may result in an order and/or decision by the Court.

4

13.     If, in connection with this action a Third Party inadvertently discloses information subject to a claim of attorney-client privilege or attorney work product protection ("Inadvertently Disclosed Information"), such disclosure shall not constitute or be deemed a waiver or forfeiture of any claim of privilege or work product protection with respect to the Inadvertently Disclosed Information and its subject matter.

14.     If a disclosing party makes a claim of inadvertent disclosure, the receiving party shall, within five business days, return or destroy all copies of the Inadvertently Disclosed Information, and provide a certification of counsel that all such information has been returned or destroyed.

15.     Not later than 60 calendar days after conclusion of this action and any appeal related to it, all Highly Confidential material of any type, all copies thereof, and all excerpts therefrom shall be returned to counsel for the applicable third party or destroyed at the third party's option, except that outside counsel for each of the parties may retain one copy of all Highly Confidential material, and except to the extent such material has been used as evidence at any trial or hearing. Notwithstanding this obligation to return or destroy information, counsel may retain any attorney work product.

16.     There is good cause for entry of this Third Party Protective Order set forth herein.

17.     A breach of the provisions of this Order shall be subject to sanctions, in the discretion of the Court as within or authorized by any statute, rule, or inherent power of the Court, or as otherwise provided by law.

18.     The provisions of this supplemental protective order shall not terminate at the conclusion of this criminal prosecution and the Court will retain jurisdiction to enforce this Order following termination of the case.

19.     This Third Party Protective Order shall be effective immediately upon signature by this Court.

SO ORDERED:

Dated December _14_ 2020


                                          Honorable Jed S. Rakoff
                                     United States District Judge

Annex A to Third Party Protective Order

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 1:20-cr-00188 |
| -against- | Hon. Jed S. Rakoff |
| Hamid Akhavan, | Non-Disclosure Agreement |
| a/k/a "Ray Akhavan," and | |
| Ruben Weigand, | |
| Defendants. | |

I, _____, acknowledge that I have read and understand the Third Party Protective Order in this action governing the non-disclosure of those portions of Third Party Discovery Material that have been designated as Highly Confidential. I agree that I will not disclose such Highly Confidential Discovery Material to anyone other than for purposes of this litigation and that at the conclusion of the litigation I will return all discovery information to the party or attorney from whom I received it. By acknowledging these obligations under the Third Party Protective Order, I understand that I am submitting myself to the jurisdiction of the United States District Court for the Southern District of New York for the purpose of any issue or dispute arising hereunder and that my willful violation of any term of the Third Party Protective Order could subject me to punishment for contempt of Court.

Dated: _____     Signed: _____

7