

**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

February 5, 2021

<u>**BY ECF**</u>

Honorable Jed S. Rakoff
United States District Judge
Southern District of New York
New York, New York 10007

    **Re:**   ***United States v. Hamid Akhavan et al.*, S3 20 Cr. 188 (JSR)**

Dear Judge Rakoff:

    The Government writes to respectfully request that, at trial, the Court admit into evidence certain business records on the basis of written declarations of the relevant custodian of records, pursuant to Federal Rules of Evidence 803(6) and 902(11).

    As the Court is aware, trial in this matter is scheduled to commence on March 2, 2021. The Government and defense counsel have been in discussions regarding the admissibility of certain business records, primarily bank and credit card company records, pursuant to a stipulation. Defense counsel has advised the Government that they are unwilling to stipulate to the authenticity of a document unless there is a witness on the stand to answer questions regarding the document. Defense counsel has further indicated that it will not stipulate that certain spreadsheets containing data provided by bank and credit card companies are business records because the spreadsheets were generated in response to subpoenas issued in connection with this matter. As a result, the Government has begun preparing testimony (and, in most cases, also arranging travel) for approximately a dozen additional witnesses. These witnesses include business record custodians from various financial institutions, including US Bank, Union Bank, NYU Federal Credit Union, Luther Burbank Savings, JP Morgan Chase Bank, Cathay Bank, Capital One Bank, and Bank of the West.

    A finding by the Court that certain business records may be introduced pursuant to written certification under Rule 902(11) will obviate the need for significant inconvenience and expenditure of time by these third parties. This is particularly true given the necessity of properly complying with the Court's COVID-19 protocols, and the Government's understanding that the majority of these witnesses would have to travel to New York State for the purposes of testifying from states that are not contiguous with New York. These business record custodians—which the Government would be calling only to authenticate business records and to satisfy the prerequisites of Federal Rule of Evidence 803(6)—would be required to expose themselves to the risk of contracting COVID-19 while in transit to New York, and then further required to quarantine, at the Government's expense, pursuant to the Southern District of New York's Protocol for Domestic

Travelers, for a minimum of five days after arrival in New York, dependent upon receiving a negative COVID PCR diagnostic test on the fifth day.

Moreover, a finding by the Court that business records may be introduced pursuant to written certification would meaningfully streamline the Government's presentation of evidence, serving the ends of judicial economy and taking into consideration the time and attention of the jury.[1]  Rule 902(11) exists for precisely this reason.

## I.     Applicable Law

In *Crawford v. Washington*, 541 U.S. 36 (2004), the Supreme Court found that out-of-court statements that are "testimonial" violate the Confrontation Clause of the Sixth Amendment and are inadmissible unless the declarant is unavailable, and the defendant has had prior opportunity to cross-examine the declarant regarding the statement.  However, the Second Circuit has held that business records properly admitted under Federal Rule of Evidence 803(6) "cannot be testimonial because a business record is fundamentally inconsistent with what the Supreme Court has suggested comprise the defining characteristics of testimonial evidence."  *United States v. Feliz*, 467 F.3d 227, 233-34 (2d Cir. 2006); *see also Davis v, Washington*, 547 U.S. 813, 822 (2006) (statements are "testimonial" if their "primary purpose . . . is to establish or prove past events potentially relevant to later criminal prosecution").

Under Rule 803(6), a record may be admitted as non-hearsay if it was made at or near the time by someone with knowledge, or who had the information transmitted to them by someone with knowledge; the record was kept in the course of a regularly conducted activity of a business or organization; and making the record was a regular practice of that business activity.  Fed. R. Evid. 803(6).  "The principal precondition to admission of documents as business records pursuant to Fed. R. Evid. 803(6) is that the records have sufficient indicia of trustworthiness to be considered reliable."  *Potamkin Cadillac Corp. v. B.R.I. Coverage Corp.*, 38 F.3d 627, 632-33 (2d Cir. 1994) (internal quotation marks omitted).  The Second Circuit has taken a "generous view of the business records exception, construing it to favor [] the admission of evidence . . . if it has any probative value at all."  *United States v. Strother*, 49 F.3d 869, 874 (2d Cir. 1995) (internal citations omitted).

Business records of regularly conducted activity that meet the necessary conditions to qualify under the hearsay exception may be authenticated, among other methods, by a certification that complies with Rule 902(11).  Fed. R. Evid. 803(6)(D); *see also United States v. Ayelotan*, 917 F.3d 394, 402 (5th Cir. 2019) ("Records are self-authenticating if they include a custodian certification that the records 'meet[] the requirements of Rule 803(6)(A)-(C).'").  Specifically, Rule 902(11) provides, in relevant part, that "[t]he original or a copy of a domestic record that meets the requirements of Rule 803(6)(A)-(C), as shown by a certification of the custodian or another  qualified  person . . ."  is self-authenticating  and  requires  no  extrinsic  evidence  of

---

[1] The Government produced its initial exhibit and witness lists to defendants on November 3, 2020, and produced an updated exhibit list and witness list today, February 5, 2021.  Prior to producing the updated exhibit list, and at the defendants' request, the Government has undertaken significant effort to de-duplicate and trim its exhibit list, where possible.

authenticity to be admitted. Prior to trial, the proponent of the records must also give the adverse party reasonable written notice of the intent to offer the records and make the records and certifications available for inspection so that the adverse party has a fair opportunity to challenge them. *Id.*

Just as properly-admitted business records are not considered testimonial, so too a certificate required under Rule 902(11) to authenticate such records is not considered testimonial. In *United States v. Qualls*, 53 F. Supp. 2d 241, 245 (E.D.N.Y. 2008), *aff'd summary order*, 613 Fed. Appx. 25 (2d Cir. 2015), the court held that authentication of foreign business records pursuant to Section 3505 did not violate the Confrontation Clause of the Sixth Amendment. In so holding, the court reasoned that prohibiting the admission of records necessary to authenticate the business records themselves would be contrary to the Supreme Court's intention to support the admission of business records as nontestimonial. *Id.* at 246. The court further observed that judicial economy would be reduced with little gain to the truth seeking process if these business records had to be authenticated by live witness testimony. *Id.*

While the Second Circuit's summary order affirming the decision in *Qualls* did not explicitly reach the question of whether a certificate authenticating business records could itself be considered testimonial, all other circuits that have addressed the question have held that it is not.[2]  *See United States v. Yeley-Davis*, 632 F.3d 673, 678 (10th Cir. 2011) (certificate of authenticity presented under Rule 902(11) is not testimonial); *United States v. Anekwu*, 695 F.3d 967, 077 (9th Cir. 2012) (not plain error for district court to admit business records authenticated by certificate where the purpose of the certificate was merely to authenticate the records and not to establish or prove a fact at trial); *United States v. Adefehinti*, 510 F.3d 319, 327-38 (D.C. Cir. 2008) (authentication of hundreds of loan applications, sales contracts, promissory notes, verifications of deposit and of employment by way of 902(11) certifications by numerous custodians of record is permissible under *Crawford*); *United States v. Ellis*, 460 F.3d 920, 927 (7th Cir. 2006) (written certification attesting to authenticity of business record is not testimonial evidence). *See also United States v. Al-Imam*, 382 F. Supp. 3d 51, 59-60 (D.D.C. 2019) ("Every court that has addressed this issue has concluded that admission of certifications pursuant to Rule 803(6)—including § 3505 and its analogs in Rule 902(11) and (12)—does not pose Confrontation Clause problems" and gathering cases); *United States v. Varone*, No. 08 Cr. 184, 2008 WL 11352621, at *1 (N.D. Ohio Dec. 4, 2008) ("The certificates of authenticity, in this case, do not purport to convey any information about Defendant, but merely establish the foundational elements necessary to create a business record."); *United States v. Bryant*, No. 04 Cr. 47, 2006 WL 1700107, at *4 (W.D. Va. June 15, 2006) (a "business record certification . . . does not serve independently as evidence in[a] case; rather, it serves merely to lay a foundation for the admission of business records"); *cf. United States v. Jimenez*, 513 F.3d 62, 77-80 (3d Cir. 2008) (holding that admission of bank records certificated under 902(11) was harmless error).

---

[2] In *Qualls*, the foreign business records at issue were admitted by the district court under 18 U.S.C. § 3505 based on records certifications, but the certifications themselves were not introduced as evidence. The Second Circuit found that the admission was proper, but did not address whether the certifications themselves were testimonial, reasoning that because the certifications were not in evidence, there could be no Confrontation Clause issue. 613 Fed. Appx. at 28-29.

## II.     Discussion

The business records at issue here generally fall into five categories: (1) bank account records ("Bank Account Records"); (2) policies and rules of service maintained by banks and credit card companies, demonstrating that these entities prohibit customers and third-party business partners from utilizing their services and/or accounts for marijuana and other illegal transactions ("Policies and Rules"); (3) data maintained by third party companies, primarily bank and credit card companies, regarding certain transactions processed by those entities ("Transaction Lists"); (4) records from banks' compliance systems ("Compliance Records"); and (5) email and similar communications ("Email Records").

In refusing to enter a stipulation, the only objection the defendants have raised to authenticating these documents as business records, besides their general stance that they would prefer to have a witness on the stand to answer questions regarding the documents,[3] is that the Transaction Lists were prepared at the Government's request.[4]   The defendants' position is inconsistent with the law.  As the Second Circuit has recognized, "[a] business record may include data stored electronically . . . and later printed out for trial so long as the original computer data compilation was prepared pursuant to a business duty in accordance with regular business practice. *Potamkin Cadillac Corp*, 38 F.3d at 632 (alterations in original omitted).  The Second Circuit has, accordingly, affirmed the admission of information drawn from such electronic databases for purposes of trial.  *United States v. D'Agostino*, 638 Fed. Appx. 51, 55 (2d Cir. 2016) (IRS account transcripts that "merely decode information that IRS agents previously entered into" IRS database properly admitted as business records); *United States v. Bonomolo*, 566 Fed. Appx. 71, 73-74 (2d Cir. 2014) (spreadsheet of data compiled as ordinary part of business was admissible as a business record); *see also United States v. Warner*, 638 Fed. Appx. 961 (11th Cir. 2016) (affirming admission of spreadsheets summarizing fraudulent tax returns allegedly submitted by defendant); *United States v. Fujii*, 301 F.3d 535, 539 (7th Cir. 2002) ("Computer data compiled and presented in computer printouts prepared specifically for trial is admissible under Rule 803(6), even though the printouts themselves are not kept in the ordinary course of business.") (internal citations omitted).  Other courts have likewise admitted reports generated by querying bank databases containing a "compilation of data" maintained in the ordinary course of business.  *See, e.g.*, *United States v. Battles*, 514 Fed. Appx. 242, 249 (3d Cir. 2013) (spreadsheet that "depicted a small portion of the [bank] database" was admissible business record despite fact "[t]hat the spreadsheet excerpt was created for the purpose of litigation"); *United States v. Glasser*, 773 F.2d 1553, 1558-59 (11th Cir. 1985) (computer printouts containing compilations of various mortgage account transactions that were basis of prosecution were admissible under business records exception);

---

[3] While the Government does not intend to call witnesses from many of these financial institutions, the defendants are, of course, free to call witnesses from these entities for the purpose of eliciting admissible testimony from such witnesses.

[4] The defendants also refuse to enter a stipulation regarding these business records because they want to preserve their right to argue that some of these documents are not relevant or are otherwise inadmissible.  The Government has informed defense counsel that it is willing to enter into a stipulation that solely stipulates that the documents are authentic business records, and allows the defense to make any other objections at trial regarding the admissibility of these documents.

*Remington Inv., Inc. v. Quintero & Martinez Co.*, 961 F. Supp. 344, 351 (D.P.R. 1997) (admitting FDIC report that was "compilation of data from 'matters observed,' namely, the business records of the Bank"). In sum, the Transaction Lists are admissible as business records because none of the records in the Transaction Lists were created for purpose of prosecution; rather, the data was gathered and entered into the relevant databases in the ordinary course of the banks' and credit card companies' operations. The defendants have not articulated any objection regarding the accuracy or authenticity of the data contained within the Transaction Lists.

A proper foundation for admission of the Email Records can likewise be established by the certificate of the relevant records custodian. *See Ayelotan*, 917 F.3d at 401-03 ("email provider's statement that one user wrote and sent a message to another user at the recorded time" was a self-authenticating business record when accompanied by proper certificate from records custodian); *U.S. Bank Nat. Ass'n v. PHL Variable Life Ins. Co.*, 112 F. Supp. 3d 122, 141 (S.D.N.Y. 2015) (admitting emails as business records where custodian of records for non-party certified that they met all criteria and opposing party had not shown indicia of lack of trustworthiness); *but see Park West Radiology v. Care Core Nat. LLC*, 675 F. Supp. 2d 314, 333 (S.D.N.Y. 2009) (emails were not business records where employees were not under an obligation to create the emails as a record of regularly conducted business activity"). Moreover, the Government submits that the statements within are admissible as statements of a party opponent pursuant to Rule 801(d)(2)(A), co-conspirator statements pursuant to Rule 801(d)(2)(E), or are being submitted pursuant to another hearsay exception or for a non-hearsay purpose. The admissibility of specific Email Records will, of course, be subject to the court's determination at trial as to those issues and relevance.

As set forth in the table attached hereto as Exhibit A, the Government has already gathered and produced to defendants many of the certifications it intends to rely upon to admit these records. It is in the process of collecting the remainder of the certifications, and will produce those to defendants once it does so. This letter, along with those certifications, serves as "notice of the intent to offer" the relevant records, and an opportunity to inspect them, "so that the [adverse] party has a fair opportunity to challenge them." Fed. R. Evid. 902(11).

For the reasons stated above, the Government respectfully requests that the Court rule that

the Government may introduce at trial the business records discussed above pursuant to Federal Rules of Evidence 803(6) and 902(11).

Very truly yours,

AUDREY STRAUSS
United States Attorney

by: ____/s/_____ ____
Nicholas Folly
Tara LaMorte
Emily Deininger
Assistant United States Attorneys
(212) 637-1060 / 1041 / 2472

cc: all counsel of record (by ECF)

# EXHIBIT A

| Custodian / Exhibit No. | Category | Certification Status |
|---|---|---|
| **Eaze** | | |
| GX 401–499, 501–599, 601-684, 684, 686 | Email Records | Being Obtained |
| GX 687 | Transaction List | Being Obtained |
| | | |
| **Visa** | | |
| GX 2201-2202 | Transaction Lists | Being Obtained |
| GX 2203-2204, 2206-2214 | Policies and Rules | Being Obtained |
| | | |
| **Mastercard** | | |
| GX 2301-2302 | Transaction Lists | Produced |
| GX 2303-2308 | Compliance Records | Produced |
| GX 2309 | Compliance Records | Being Obtained |
| | | |
| **Bank of America** | | |
| GX 2404, 2406, 2420 | Bank Account Records | Produced |
| GX 2417-2419 | Bank Account Records | Being Obtained |
| GX 2407-2411, 2413-2416 | Policies and Rules | Being Obtained |
| | | |
| **Citibank** | | |
| GX 2501-2506 | Policies and Rules | Being Obtained |
| GX 2509 | Bank Account Records | Produced |
| | | |
| **Wells Fargo** | | |
| GX 2602-2610 | Bank Account Records | Produced |
| GX 2611 | Policies and Rules | Being Obtained |
| GX 2612 | Bank Account Records | Being Obtained |
| | | |
| **Actors Federal Credit Union** | | |
| GX 2702-2703 | Transaction Lists | Produced |
| GX 2704, 2717 | Policies and Rules | Produced |
| GX 2705-2716 | Bank Account Records | Produced |
| | | |
| **NYU Federal Credit Union** | | |
| GX 2803 | Bank Account Records | Being Obtained |
| | | |
| **Bank of the West** | | |
| GX 3002-3003 | Bank Account Records | Produced |
| | | |

| Capital One | | |
|---|---|---|
| GX 3102 | Transaction List | Being Obtained |
| GX 3103 | Bank Account Records | Produced |
| | | |
| Union Bank | | |
| GX 3301 | Bank Account Records | Produced |
| | | |
| JP Morgan Chase Bank | | |
| GX 3402-3404 | Bank Account Records | Produced |
| | | |
| US Bank | | |
| GX 3503-3504 | Bank Account Records | Produced |
| | | |
| Cathay Bank | | |
| GX 4301 | Bank Account Records | Produced |