# EXHIBIT A



| | |
|---|---|
| | **Service of Process Transmittal**<br>12/24/2020<br>CT Log Number 538796921 |
| **TO:** | Loucas Anagnostou<br>Circle Internet Financial, Inc.<br>99 HIGH ST STE 1701<br>BOSTON, MA 02110-2346 |
| **RE:** | **Process Served in Delaware** |
| **FOR:** | Circle Internet Financial, Inc.  (Domestic State: DE) |

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | United States of America, Pltf. vs. Hamid Akhavan & Ruben Weigand, Dfts. // To: Circle Internet Financial, Inc. |
| **DOCUMENT(S) SERVED:** | - |
| **COURT/AGENCY:** | None Specified<br>Case # 120CR00188JSR |
| **NATURE OF ACTION:** | Subpoena - Business records |
| **ON WHOM PROCESS WAS SERVED:** | The Corporation Trust Company, Wilmington, DE |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 12/24/2020 at 14:11 |
| **JURISDICTION SERVED :** | Delaware |
| **APPEARANCE OR ANSWER DUE:** | None Specified |
| **ATTORNEY(S) / SENDER(S):** | None Specified |
| **REMARKS:** | The documents received have been modified to reflect the name of the entity being served. |
| **ACTION ITEMS:** | SOP Papers with Transmittal, via  UPS Next Day Air , 1ZX212780124069108<br><br>Image SOP<br><br>Email Notification,  Loucas Anagnostou  lanagnostou@circle.com<br><br>Email Notification,  Compliance Recipient  compliance@circle.com |
| **REGISTERED AGENT ADDRESS:** | The Corporation Trust Company<br>1209 Orange Street<br>Wilmington, DE 19801<br>866-539-8692<br>CorporationTeam@wolterskluwer.com |

The information contained in this Transmittal is provided by CT for quick reference only. It does not constitute a legal opinion, and should not otherwise be relied on, as to the nature of action, the amount of damages, the answer date, or any other information contained in the included documents. The recipient(s) of this form is responsible for reviewing and interpreting the included documents and taking appropriate action, including consulting with its legal and other advisors as necessary. CT disclaims all liability for the information contained in this form, including for any omissions or inaccuracies that may be contained therein.



# PROCESS SERVER DELIVERY DETAILS

| | |
|---|---|
| **Date:** | Thu, Dec 24, 2020 |
| **Server Name:** | Parcels Inc. |
| | |
| Entity Served | CIRCLE INTERNET FINANCIAL, INC. |
| Agent Name | THE CORPORATION TRUST COMPANY |
| Case Number | 20-188 |
| Jurisdiction | DE |



AO 89B (07/16) Subpoena to Produce Documents, Information, or Objects in a Criminal Case

# UNITED STATES DISTRICT COURT
for the
Southern District of New York

| United States of America | ) | |
|---|---|---|
| v. | ) | |
| Hamid Akhavan & Ruben Weigand | ) | Case No. 1:20-cr-00188-JSR |
| *Defendant* | ) | |

### SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS IN A CRIMINAL CASE

To: Circle Internet Financial, Inc.
c/o The Corporation Trust Company, Corporation Trust Center, 1209 Orange Street, Wilmington, DE 19801

*(Name of person to whom this subpoena is directed)*

**YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following books, papers, documents, data, or other objects:
You, or your representatives, must produce the documents, electronically stored information, or objects as set forth in Attachment A.

| Place: Michael Gilbert, Dechert LLP<br>3 Bryant Park, 1095 Avenue of the Americas<br>New York, NY 10036 | Date and Time:<br>Friday, January 8, 2021 |
|---|---|

Certain provisions of Fed. R. Crim. P. 17 are attached, including Rule 17(c)(2), relating to your ability to file a motion to quash or modify the subpoena; Rule 17(d) and (e), which govern service of subpoenas; and Rule 17(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

*(SEAL)*

Date: DEC 1 6 2020

RUBY J. KRAJICK
CLERK OF COURT

*Signature of Clerk or Deputy Clerk*

The name, address, e-mail, and telephone number of the attorney representing *(name of party)* Ruben Weigand
, who requests this subpoena, are:
Michael Gilbert, Dechert LLP, 3 Bryant Park, 1095 Avenue of the Americas, New York, NY 10036
Email: michael.gilbert@dechert.com   Phone: 212-698-3886

**Notice to those who use this form to request a subpoena**

Before requesting and serving a subpoena pursuant to Fed. R. Crim. P. 17(c), the party seeking the subpoena is advised to consult the rules of practice of the court in which the criminal proceeding is pending to determine whether any local rules or orders establish requirements in connection with the issuance of such a subpoena. If no local rules or orders govern practice under Rule 17(c), counsel should ask the assigned judge whether the court regulates practice under Rule 17(c) to 1) require prior judicial approval for the issuance of the subpoena, either on notice or ex parte; 2) specify where the documents must be returned (e.g., to the court clerk, the chambers of the assigned judge, or counsel's office); and 3) require that counsel who receives produced documents provide them to opposing counsel absent a disclosure obligation under Fed. R. Crim. P. 16.

Please note that Rule 17(c) (attached) provides that a subpoena for the production of certain information about a victim may not be issued unless first approved by separate court order.

AO 89B (07/16) Subpoena to Produce Documents, Information, or Objects in a Criminal Case (Page 2)

Case No. 1:20-cr-00188-JSR

## PROOF OF SERVICE

This subpoena for *(name of individual and title, if any)* _____
was received by me on *(date)* _____

☐ I served the subpoena by delivering a copy to the named person as follows: _____
_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc:




AO 89B (07/16) Subpoena to Produce Documents, Information, or Objects in a Criminal Case (Page 3)

### Federal Rule of Criminal Procedure 17 (c), (d), (e), and (g) (Effective 12/1/08)

**(c) Producing Documents and Objects.**

**(1) In General.** A subpoena may order the witness to produce any books, papers, documents, data, or other objects the subpoena designates. The court may direct the witness to produce the designated items in court before trial or before they are to be offered in evidence. When the items arrive, the court may permit the parties and their attorneys to inspect all or part of them.

**(2) Quashing or Modifying the Subpoena.** On motion made promptly, the court may quash or modify the subpoena if compliance would be unreasonable or oppressive.

**(3) Subpoena for Personal or Confidential Information About a Victim.** After a complaint, indictment, or information is filed, a subpoena requiring the production of personal or confidential information about a victim may be served on a third party only by court order. Before entering the order and unless there are exceptional circumstances, the court must require giving notice to the victim so that the victim can move to quash or modify the subpoena or otherwise object.

**(d) Service.** A marshal, a deputy marshal, or any nonparty who is at least 18 years old may serve a subpoena. The server must deliver a copy of the subpoena to the witness and must tender to the witness one day's witness-attendance fee and the legal mileage allowance. The server need not tender the attendance fee or mileage allowance when the United States, a federal officer, or a federal agency has requested the subpoena.

**(e) Place of Service.**

**(1) In the United States.** A subpoena requiring a witness to attend a hearing or trial may be served at any place within the United States.

**(2) In a Foreign Country.** If the witness is in a foreign country, 28 U.S.C. § 1783 governs the subpoena's service.

**(g) Contempt.** The court (other than a magistrate judge) may hold in contempt a witness who, without adequate excuse, disobeys a subpoena issued by a federal court in that district. A magistrate judge may hold in contempt a witness who, without adequate excuse, disobeys a subpoena issued by that magistrate judge as provided in 28 U.S.C. § 636(e).

## ATTACHMENT A
## SUBPOENA TO CIRCLE INTERNET FINANCIAL, INC.

### Instructions

1. **Relevant Time Period:** For each of the below inquiries, this request is limited to documents and communication in your possession, custody or control from the time period from 2015 to the present. This includes any document or communication in effect during this time period, even if executed or with an effective date prior to the relevant time period or that expired during the relevant time period, if such document or communication would be otherwise responsive.

2. **Rules of Construction:** The following rules of construction apply to all discovery requests:
    a. All/Any/Each. The terms "all," "any," and "each" shall each be construed as encompassing any and all.
    b. And/Or. The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope.
    c. Number. The use of the singular form of any word includes the plural and vice versa.

3. **Certification of Custodian Business Records:** Your custodian of records should complete the Certification of Custodian Business Records in Attachment B and return it to Ruben Weigand's counsel, Michael Artan, with the document production.

### Definitions

1. **Communication** means the transmittal of information (in the form of facts, ideas, inquiries or otherwise).

2. **Concerning** means relating to, referring to, describing, evidencing or constituting.

3. **Document:** The term "document" is defined to be synonymous in meaning and equal in scope to the usage of the term "documents or electronically stored information" in Fed. R. Civ. P. 34(a)(1)(A). A draft or non-identical copy is a separate document within the meaning of this term.

4. **Eaze** refers to Eaze Technologies Inc., an online marketplace and technology platform that allows its users to purchase Marijuana from local Marijuana Dispensaries that utilize the Eaze platform. Eaze includes, but is not limited to, employees, agents, subsidiaries and affiliates of Eaze Technologies, Inc.

5. **"Financial Institution"** refers to any company engaged in the business of dealing with financial and monetary transactions such as deposits, loans, investments, and currency exchange, and includes, but is not limited to: retail banks, commercial banks, merchant banks, credit unions, internet banks, savings and loan associations, investment banks, and cryptocurrency banks.

6. **Marijuana** and **Cannabis** are to be interpreted interchangeably as any product, substance, or thing containing the psychoactive dried resinous flower buds and leaves of the female hemp or cannabis plant.
7. **Marijuana Dispensaries** are merchants who sell Marijuana and Cannabis for recreational or medical use.
8. **MasterCard** refers to MasterCard Incorporated, and any of its relevant parent, affiliate, subsidiary, predecessor or successor entities.
9. **"Methods of Payment"** includes, but is not limited to: utilization of credit cards, debit cards, and payment using cryptocurrency—or other digital currency units.
10. **Visa** refers to Visa, Inc., and any of its relevant parent, affiliate, subsidiary, predecessor or successor entities.
11. **"You"** and **"Your"** refer to the recipient of this subpoena, and any of its relevant parent, affiliate, subsidiary, predecessor or successor entities.

**Requests for Production**

1. Communications between You and Eaze during the Relevant Time Period, including but not limited to Communications concerning Your relationship with Eaze, Eaze's relationships with Marijuana Dispensaries, and Eaze's acceptance of credit and debit cards, and all other Methods of Payment, for the purchase of Marijuana.
2. Documents and Communications evidencing any contracts or agreements between You and Eaze during the Relevant Time Period.
3. Communications between You and any Marijuana Dispensaries during the Relevant Time Period, including but not limited to Communications concerning the Marijuana Dispensaries' acceptance of credit and debit cards, and all other Methods of Payment, for the purchase of Marijuana.
4. Documents and Communications evidencing any contracts or agreements between You and Marijuana Dispensaries during the Relevant Time Period.
5. Communications between You and any Financial Institution, both inside and outside the United States, during the Relevant Time Period concerning transactions for the purchase of Marijuana that You facilitated for Eaze.
6. Documents concerning transactions for the purchase of Marijuana that You facilitated for Eaze, including but not limited to Documents sufficient to show the Merchant Category Code, descriptor, and other information used to classify each transaction, Documents reflecting the volume of the those transactions (*i.e.*, number and dollar amount), and Documents concerning Your use of Financial Institutions inside and outside the United States to process those transactions.
7. Documents concerning transactions for the purchase of Marijuana that You facilitated for Marijuana Dispensaries, including but not limited to Documents sufficient to show the Merchant Category Code, descriptor, and other information used to classify each

transaction, Documents reflecting the volume of the those transactions (*i.e.*, number and dollar amount), and Documents concerning Your use of Financial Institutions inside and outside the United States to process those transactions.

8. Documents and Communications between You and Visa and between You and MasterCard related to or referencing Eaze.

**ATTACHMENT B**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> v. <br><br> HAMID AKHAVAN and RUBEN WEIGAND, <br><br> Defendants | Case No. 20-cr-188 (JSR) |

**CERTIFICATION OF CUSTODIAN OF BUSINESS RECORDS**
**[FED. R. EVID. 803(6)(D); FED. R. EVID. 902(11)]**

I, _____, state that:

1. I am over 18 years of age, a resident of _____ [city, state], and competent to make this Certificate.

2. I am the _____ [job title] of Circle Internet Financial, Inc. As part of my duties, I am a custodian of records and have access to the records of Circle Internet Financial, Inc.

3. The records produced by Circle Internet Financial, Inc. in the above-captioned matter, which are attached to this Certificate and bates-labelled _____ [beginning bates] - _____ [end bates], are true and correct copies of the original documents maintained by Circle Internet Financial, Inc. that were requested by Ruben Weigand.

4. I am familiar with Circle Internet Financial, Inc.'s practices and procedures regarding the collection and maintenance of the above-described records.

5. These records were created and maintained in the regular course of business of Circle Internet Financial, Inc.

6.  These records were made at or near the time of the matter, act, or event recorded, and were made by—or from information transmitted by—a person with knowledge of the matter, act, or event recorded.

I executed this Certificate at _____ [city, state] on December __, 2020.

I declare and certify under penalty of perjury that the foregoing is true and correct.

_____
[Name]