

Three Bryant Park
1095 Avenue of the Americas
New York, NY 10036-6797
+1 212 698 3500 Main
+1 212 698 3599 Fax
www.dechert.com

**MICHAEL J. GILBERT**

michael.gilbert@dechert.com
+1 212 698 3886 Direct
+1 212 698 0426 Fax

February 9, 2021

The Honorable Jed S. Rakoff
United States District Judge
Southern District of New York
500 Pearl Street
New York, New York 10007

Re: *United States v. Weigand, et al.*, 20 cr. 188

Dear Judge Rakoff:

On behalf of Defendant Ruben Weigand ("Weigand"), we respectfully submit this letter in response to the Government's letter motion dated February 5, 2021 (the "Motion"), in which the Government urges the Court to rule, in advance of trial, on the admissibility of 544 documents (the "Documents") the Government obtained from Eaze Technologies, Inc., the credit card networks, and almost a dozen financial institutions—on the grounds that every single one of the Documents are admissible as business records pursuant to Federal Rules of Evidence 803(6) and 902(11). *See* ECF No. 135.

Earlier this evening, Mr. Weigand's co-defendant, Hamid "Ray" Akhavan, through his counsel, filed an opposition to the Government's Motion (the "Opposition"), opposing the Government's request to have the Documents admitted in such a wholesale, perfunctory manner. *See* ECF No. 140. Mr. Weigand hereby adopts all arguments set forth in Akhavan's Opposition for the reasons outlined in the Opposition and pursuant to the authorities cited therein.

Specifically, Mr. Weigand joins Mr. Akhavan in arguing that: (1) the Government's Motion is premature because the Documents include both material that the Government has yet to produce to the Defendants and material for which the Government has not produced a business records certification, (2) the email records included in the Documents should not be admitted because emails only qualify as business records in certain limited circumstances, for which the Government has not laid the foundation, and (3) the "transaction lists" included in the Documents should not be admitted because the Government has not provided sufficient explanation/background for the Defendants to determine whether the data presented qualifies as a business record under 803(6). *See* ECF No. 140 at 1-3.

Like Mr. Akhavan, Mr. Weigand may also be willing to enter into a foundational stipulation with the Government regarding certain enumerated financial records. *See* ECF No. 140 at 3-4. However,



the financial records stipulation Mr. Weigand would be willing to enter into would be subject to the same limitations outlined in Section IV of the Akhavan Opposition. *See Id*. This includes, *inter alia*, that the stipulation would be limited to certain policy statements and account activity records that appear to be genuine business records, and that Mr. Weigand would not be stipulating to the ultimate admissibility of any records, but would instead reserve the right to raise any and all objections that the business records exception does not cure (*e.g.*, relevancy, multiple levels of hearsay, etc.).

For the reasons stated above, and the reasons outlined in the Akhavan Opposition, Mr. Weigand respectfully requests the Court deny the Government's Motion.

Respectfully Submitted,

*/s/Michael J. Gilbert*

Michael J. Gilbert

CC: AUSA Emily Deininger
AUSA Nicholas Folly
AUSA Tara La Morte

William Burck, Esq.
Christopher Tayback, Esq.
Ira Rothken, Esq.