

U.S. Department of Justice

*United States Attorney*
*Southern District of New York*

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

February 11, 2021

**BY ECF**

Honorable Jed S. Rakoff
United States District Judge
Southern District of New York
New York, New York 10007

      Re: *United States v. Ruben Weigand and Hamid Akhavan*, S3 20 Cr. 188 (JSR)

Dear Judge Rakoff:

      The Government respectfully writes in reply to Defendants Hamid Akhavan and Ruben Weigand's (together, "Defendants") letters, dated February 9, 2021 (Dkts. 140 ("Akhavan Response"), and 143 ("Weigand Response")), in opposition to the Government's Motion in Limine to admit into evidence certain business records on the basis of Rule 902(11) certifications (Dkt. 135 (the "Motion")). Defendants argue primarily that the Government's motion is premature because it has not yet produced all of the relevant certificates from business records custodians, and that they may yet be willing to stipulate that there is a proper foundation for certain categories of the records. They are wrong that the motion is premature, and whether they may now consider stipulating to some of the records' authenticity is irrelevant.

      Federal Rule of Evidence 902(11) provides that records are self-authenticating if there is a certification that meets the requirements of Rule 803(6), as long as the proponent has given the adverse party reasonable written notice of the intent to offer the record and has made the record and certification available for inspection so that the adverse party has a fair opportunity to challenge them. In other words, the primary purpose of Rule 902(11) is to lay out a notice procedure to give opponents an opportunity to make a meaningful objection to these otherwise self-authenticating records.

      The Motion provided that notice, and yet Defendants have not articulated any specific concern regarding the accuracy or authenticity of any of the records, or the contents of the certificates, even where those have been in their possession for review and consideration for many months. There is thus no reason that the Court cannot rule now that these documents are self-authenticating pursuant to Rule 902(11).[1] This is true even for the compilations of data maintained

---

[1] Other records identified in Exhibit A to the Motion for which the Government is still obtaining the certificates, should similarly be admissible pursuant to Rule 902(11) after the Government has produced those certificates, unless Defendants raise a valid and specific objection. The

by the banks and credit card companies for which the Government has produced the relevant certificates, even though the defendants "anticipate" they will challenge these compilations, notwithstanding that the compilations are wholly derived from business record data created and maintained in the ordinary course of business.

For example, the Government produced a business records certificate from a records custodian at the same time that it produced GX 2301-2302, and these documents were identified in the Government's initial exhibit list disclosed on November 3, 2020. Defendants have not raised any plausible challenge to the accuracy or authenticity of the information contained therein, or the sufficiency of that certification, other than noting that GX 2301-2302 appears to have been created in response to a Government query. Akhavan Response at 3 & n. 4. But, as discussed in the Motion, such reports, generated from bank databases containing data maintained in the ordinary course of business, are not outside the scope of Rule 803(6) merely because the report was created in response to a Government query. *See* Motion at 4-5. If that were the case, quintessential examples of business records—such as toll records produced from a telephone service provider for a particular phone number and a particular time frame—would not qualify under Rule 803(6), and evidence from businesses' operational databases, which are particularly vast in the case of financial institutions that collect large quantities of transaction data, would not be admissible into evidence unless the entire dataset was produced. Such a requirement would be absurd, and would lead to the introduction of irrelevant information and confusion at trial.

The Government therefore respectfully requests that the Court rule that the Government may introduce at trial—or at a minimum, self-authenticate at trial—the business records discussed in the Motion pursuant to Federal Rule of Evidence 803(6) and 902(11). Despite the Defendants' contention that the Government's Motion is premature, prompt resolution of the Motion is critical in order to ensure that the Government has sufficient time to make travel arrangements for these records custodian witnesses. Most of these witnesses are from outside of New York and the contiguous states and would need to quarantine and test in accordance with the Court's protocols prior to testifying as to the records' authenticity.

            Very truly yours,

            AUDREY STRAUSS
            United States Attorney

        by:  /s/
            Nicholas Folly
            Tara LaMorte
            Emily Deininger
            Assistant United States Attorneys
            (212) 637-1060 / 1041 / 2472

cc: all counsel of record (by ECF)

---

Government also recognizes that the admissibility at trial of specific exhibits may still be subject to the Court's determinations as to relevance and other objections.