```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------x
UNITED STATES OF AMERICA            :
                                    :
                                    :     20-cr-188 (JSR)
         -v-                        :
                                    :     MEMORANDUM ORDER
RUBEN WEIGAND & HAMID AKHAVAN,      :
                                    :
     Defendants.                    :
                                    :
------------------------------------x
```

JED S. RAKOFF, U.S.D.J.

Now before the Court is the Government's letter motion in limine, ECF No. 135 ("Gov't Ltr."), requesting that the Court rule in advance of trial that certain exhibits qualify for the business records exception to the hearsay rule pursuant to Federal Rule of Evidence 803(6) and are, therefore, self-authenticating under Rule 902(11). The motion is fully briefed. See Akhavan Ltr. in Opp., ECF No. 140; Weigand Joinder to Akhavan Ltr. in Opp., ECF No. 143; Gov't Reply Ltr., ECF No. 148. For the following reasons, the Government's motion is granted with regard to those exhibits for which a custodian certification had been provided by the time the Government filed its motion and is otherwise denied without prejudice to being renewed once such certifications are provided.

LEGAL STANDARD

Federal Rule of Evidence 803(6) provides that evidence is "not excluded by the rule against hearsay" if it is

1

> [a] record of an act, event, condition, opinion, or diagnosis [and] if:
>
>> (A) the record was made at or near the time by — or from information transmitted by — someone with knowledge;
>>
>> (B) the record was kept in the course of a regularly conducted activity of a business, organization, occupation, or calling, whether or not for profit;
>>
>> (C) making the record was a regular practice of that activity;
>>
>> (D) all these conditions are shown by the testimony of the custodian or another qualified witness, or by a certification that complies with Rule 902(11) or (12) or with a statute permitting certification; and
>>
>> (E) the opponent does not show that the source of information or the method or circumstances of preparation indicate a lack of trustworthiness.

Federal Rule of Evidence 902(11) provides that

> [t]he original or a copy of a domestic record that meets the requirements of Rule 803(6)(A)-(C), as shown by a certification of the custodian or another qualified person that complies with a federal statute or a rule prescribed by the Supreme Court [is self-authenticating]. Before the trial or hearing, the proponent must give an adverse party reasonable written notice of the intent to offer the record -- and must make the record and certification available for inspection -- so that the party has a fair opportunity to challenge them.

Introducing "testimonial" out-of-court hearsay violates the Confrontation Clause, except in limited circumstances absent here. See Crawford v. Washington, 541 U.S. 36 (2004). However, a business record properly admitted pursuant to Federal Rule of Evidence 803(6) "cannot be testimonial because a business record

is fundamentally inconsistent with what the Supreme Court has suggested comprise the defining characteristics of testimonial evidence," United States v. Feliz, 467 F.3d 227, 233-34 (2d Cir. 2006), e.g., that the "primary purpose" of the evidence "is to establish or prove past events potentially relevant to later criminal prosecution," Davis v. Washington, 547 U.S. 813, 822 (2006).  By the same token, courts across the country have held, and this Court agrees, that a custodian's certification pursuant to Federal Rule of Evidence 902(11) is not testimonial.  See, e.g., United States v. Yeley-Davis, 632 F.3d 673, 678 (10th Cir. 2011).

## ANALYSIS

The Government seeks to introduce five categories of purportedly self-authenticating documents under Rules 803(6) and 902(11), which it describes as follows:

(1) [what the Government categorizes as "Bank Account Records"];

(2) policies and rules of service maintained by banks and credit card companies, demonstrating that these entities prohibit customers and third-party business partners from utilizing their services and/or accounts for marijuana and other illegal transactions ("Policies and Rules");

(3) data maintained by third party companies, primarily bank and credit card companies, regarding certain transactions processed by those entities ("Transaction Lists");

(4) records from banks' compliance systems ("Compliance Records"); and

>   (5) email and similar communications ("Email Records").

Gov't Ltr., ECF No. 135, at 4. Defendants principally argue that this motion is premature because the Government has not provided custodian certifications for many of these documents, as required by Rule 902(11). Defendants also argue that the Email Records and Transaction Lists are not self-authenticating. The Court considers these arguments in turn.

### A. Custodian Certifications

The Government concedes that it has only provided some of the custodian certifications. See Gov't Ltr., Ex. A, ECF No. 135, at 8-9 (noting a dozen custodian certifications that are still "being obtained"). In fact, the defense claims that the Government has not even produced all the exhibits listed in the Government's letter, let alone the corresponding certifications. See Akhavan Ltr., ECF No. 140, at 1 n.1. The defendants argue, therefore, that the Government's request is premature. See Fed. R. Evid. 902(11) (proponent must "make the record and certification available for inspection -- so that the party has a fair opportunity to challenge them").

The Court agrees, to a point. Given how many times this trial has been rescheduled, the Court is disappointed to see that the Government has still not produced custodian certifications for many of these exhibits. However, the Court will grant the motion

for exhibits concerning which the Government has timely produced a custodian certification. Furthermore, the motion is denied with respect to those exhibits concerning which the Government has not produced a custodian certification without prejudice to being renewed once such a verification is produced.

B. Email Records

The Court begins with the Email Records. The Government's letter references Email Records from only one entity: Eaze, the online marijuana marketplace at the center of this case. The Government has not complied with its obligations under Rule 902(11) with respect to any Email Record. See Gov't Ltr. Ex. A, ECF No. 135, at 8-9. For that reason alone, the motion is denied without prejudice.

However, assuming such a certification may yet be produced, the Court notes for future guidance that the Email Records are categorically distinct from the other documents identified in the motion and raise unique issues. Rule 803(6) only applies to a record when "making the record was a regular practice of that [regularly conducted business] activity." The mere fact that Eaze requires its employees to send and receive emails, in general, does not mean that every Eaze employee email is self-authenticating. Put differently, Rule 803(6) speaks not of the medium by which a record is recorded (e.g., email) but rather the content of the record itself. See, e.g., New World Trading Co. v.

5

2 Feet Prods., Inc., No. 11 CIV. 6219 SAS, 2014 WL 988475, at *1 (S.D.N.Y. Mar. 13, 2014) (emails not admissible under Rule 803(6) because they "contain unique and sporadic communications, not created as a record of any regularly conducted business activity") (internal quotation marks omitted).  There is a Confrontation Clause aspect to this inquiry, as well.  If the purpose of an Eaze employee's email was "to establish or prove past events potentially relevant to later criminal prosecution," Davis, 547 U.S. at 822, then the defendants must be permitted to cross-examine the declarant.  Without knowing more about the emails' contents, the Court cannot determine whether they are self-authenticating.

For these reasons, the Government's motion is denied without prejudice with regard to the Email Records.

C. Transaction Lists

Defendants argue that the Transaction Lists cannot be self-authenticated because they appear to have been created in response to Government inquiries, rather than in the ordinary course of business.  However, when a database is created in the ordinary course of business, a list extracted from that database can be properly self-authenticated as a business record, even if the list itself was prepared for trial. Potamkin Cadillac Corp. v. B.R.I. Coverage Corp., 38 F.3d 627, 632 (2d Cir. 1994) (alterations in original omitted) ("A business record may include data stored electronically . . . and later printed out for trial so long as

the original computer data compilation was prepared pursuant to a business duty in accordance with regular business practice."). The certification must explain, of course, how the requested information was extracted from the database. The defendants do not object to the sufficiency of the custodial certifications offered by the Government. Therefore, as to Transaction Lists for which the Government provided defendants a custodial certification prior to the Government's letter motion, the Court grants the motion and finds that the Transaction Lists are self-authenticating. As to the remaining Transaction Lists, the Court denies the motion without prejudice.

D. Bank Account Records, Policies & Rules, and Compliance Records

Defendants offer no specific reason to doubt the self-authenticability of the Bank Account Records, Policies & Rules, and Compliance Records identified by the Government. Indeed, they even concede that they "may be willing to enter into a foundational stipulation regarding certain of the enumerated financial records" and bank policies. Akhavan Ltr., ECF No. 140, at 3. Therefore, the Court finds, where a custodial certification was timely provided to the defendants, that these documents are self-authenticating; otherwise, the motion is denied without prejudice.

For the foregoing reasons, the Government's letter motion, ECF No. 135, is granted in part and denied in part without

7

prejudice. The following exhibits are self-authenticating and will not be excluded at trial based on the hearsay rule: GX 2301, 2302, 2303-2308, 2404, 2406, 2420, 2509, 2602-2610, 2702-2704, 2705-2716, 2717, 3002, 3003, 3103, 3301, 3402-3404, 3503, 3504, and 4301. All other potential objections are, of course, reserved for trial.

    SO ORDERED.

Dated:    New York, NY
            February 14, 2021

_____
United States District Judge