UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| |  |
|---|---|
| UNITED STATES OF AMERICA<br><br>- against -<br><br>HAMID "RAY" AKHAVAN, and<br>RUBEN WEIGAND,<br><br>Defendants. | 20-CR-188-JSR |

**MEMORANDUM OF LAW IN SUPPORT OF HAMID ("RAY") AKHAVAN'S MOTION**
*IN LIMINE* **#3: TO PRECLUDE THE GOVERNMENT FROM REFERRING TO
"VICTIMS," OR TO "SHELL" OR "PROXY" ENTITIES**

# TABLE OF CONTENTS

Page

PRELIMINARY STATEMENT ................................................................................................1

ARGUMENT .....................................................................................................................................1

I. THE COURT SHOULD EXCLUDE ARGUMENT, EVIDENCE, AND REFERENCE TO "VICTIMS" ...............................................................................................1

    A. Argument, Evidence, and Reference to "Victims" Is Irrelevant ............................2

    B. Argument, Evidence, And Reference To "Victims" Other Than The issuing banks Is Substantially More Prejudicial Than Probative ............................3

II. THE COURT SHOULD PRECLUDE THE GOVERNMENT FROM REFERRING TO DEFENDANTS' BUSINESSES AS "SHELL" OR "PROXY" COMPANIES ................................................................................................5

    A. The Government Should Be Precluded From Using the Word "Shell" To Describe Defendants' Businesses ...............................................................5

    B. The Government Should Be Precluded From Using the Word "Proxy" To Describe Defendants' Businesses ...............................................................6

CONCLUSION .................................................................................................................................7

# TABLE OF AUTHORITIES

**Page**

**Cases**

*Aristocrat Leisure Ltd. v. Deutsche Bank Tr. Co. Americas*, 2009 WL 3111766
(S.D.N.Y. Sept. 28, 2009) ........................................................................................... 5

*Arlio v. Lively*, 474 F.3d 46 (2d Cir. 2007) .................................................................... 2

*Blue Cross & Blue Shield of N.J., Inc. v. Philip Morris, Inc.*, 138 F. Supp. 2d 357
(E.D.N.Y. 2001) ......................................................................................................... 2

*Campbell v. United States*, 2017 U.S. Dist. LEXIS 134085 (D.S.D. Jan. 23, 2017) ...... 4

*Erwin v. Secretary*, 2013 U.S. Dist. LEXIS 28804 (N.D. Fla. Feb. 12, 2013) ............... 4

*Highland Cap. Mgmt., L.P. v. Schneider*, 551 F. Supp. 2d 173 (S.D.N.Y. 2008) ...... 3, 5

*MF Glob. Holdings Ltd. v. PricewaterhouseCoopers LLP*, 232 F. Supp. 3d 558
(S.D.N.Y. 2017) ......................................................................................................... 5

*United States v. Allen*, No. 14 Cr. 272 (S.D.N.Y. Oct. 19 & 21, 2015) ......................... 4

*United States v. Boustani*, No. S1 18 Cr. 681 (E.D.N.Y. Sept. 26, 2019) ..................... 6

*United States v. Cohorn*, 2018 U.S. Dist. LEXIS 196681 (W.D. Ark. Nov. 19, 2018) ... 4

*United States v. Demos*, No. 16 Cr. 220 (D. Conn. Mar. 19, 2018) .............................. 4

*United States v. Dowtin*, 2012 WL 7679552 (E.D.N.Y. Nov. 20, 2012) ....................... 3

*United States v. Powell*, 2016 U.S. Dist. LEXIS 16435 (W.D. Wash. Feb. 10, 2016) ... 3

*United States v. Schatzle*, 901 F.2d 252 (2d Cir. 1990) ............................................... 4

*United States v. Sterling*, 2017 WL 2304024 (S.D.N.Y. May 24, 2017) ...................... 5

*United States v. Watts*, 934 F. Supp. 2d 451 (E.D.N.Y. 2013) ..................................... 6

**Other Authorities**

*Victim*, Black's Law Dictionary (11th ed. 2019) ............................................................ 2

**Rules**

Fed. R. Evid. 401 ............................................................................................................ 2

Fed. R. Evid. 402 ....................................................................................................... 2, 3

Fed. R. Evid. 403 ............................................................................................................ 3

Defendant Hamid ("Ray") Akhavan respectfully submits this memorandum of law in support of his motion *in limine* to preclude the government from referring to "victims," or to "shell" or "proxy" entities.

## PRELIMINARY STATEMENT

The government has asserted that certain banks are "victims" in prior submissions to the Court in this case. *See, e.g.*, Memorandum in Opposition to Motion To Dismiss, ECF No. 79, at 20.

The government has also produced evidence in discovery about businesses defendant Akhavan owned or controlled. These businesses include: Bielriso Ltd, Bureau Solutions Ltd, Conetild Ltd, Genc & Er Bilisim Ltd, GIS Projekt AG, Grandmoor Holding Ltd, Hot Robots Ltd, International Standard Ltd, Johnson NYC Ltd, Jonnur Ltd, Knutled Ltd, Lanicaso Ltd, Linebeck Ltd, Lorry Ltd, Lytrej Ltd, Martim Trading LTD, Mogenes Ltd, New Opal Ltd, Paranthia Ltd, Prekaw Ltd, SKOGTREES Ltd, Softlock Holdings Ltd, Torger Holding Ltd, ULT BUSINESS VENTURE LTD, Veja Industries Ltd, and Wirlet Ltd.

## ARGUMENT

**I. THE COURT SHOULD EXCLUDE ARGUMENT, EVIDENCE, AND REFERENCE TO "VICTIMS"**

There are no victims in this case. The government's misguided theory is that defendants conspired to defraud certain issuing banks into processing marijuana credit and debit card transactions. The government has alleged in the Indictment that, in the course of the conspiracy, over $100 million in transactions were processed, and has characterized the alleged scheme as a "$100 million fraud"—a characterization that is at best misleading. That number remains untethered to any purported, alleged, or even inferential suggestion that any of the issuing banks—or anyone else in the scheme—lost any money at all. In reality, the issuing banks *made*

money by processing these transactions, so they are not "victims" in any traditional sense. *See, e.g.*, *Victim*, Black's Law Dictionary (11th ed. 2019) (defining "victim" as a "person harmed by a crime, tort, or other wrong").

Even accepting the government's theory that issuing banks that profited off of transactions could be construed as "victims," the government should not be permitted to call these banks "victims" during trial. The only reason for the government to refer to any "victims" is to incite indignation, inflame the passions of the jury, and make it more likely that the jury will convict regardless of deficiencies in the government's case. And even if the term "victim" did have some limited probative value, it is substantially outweighed by the risk that its use would unfairly prejudice the defense and mislead the jury about what this case is about.

### A. <u>Argument, Evidence, and Reference to "Victims" Is Irrelevant</u>

Comments by the government that the issuing banks are "victims" would be irrelevant. Evidence is inadmissible unless it is relevant. Fed. R. Evid. 401–02. If a piece of evidence "does not tend to prove a material fact" that is "of consequence to the determination of the action," it is "irrelevant" and inadmissible. *Arlio v. Lively*, 474 F.3d 46, 52 (2d Cir. 2007).[1]

This case is about whether defendants conspired to commit bank fraud. *See, e.g.*, S3 Superseding Indictment, ECF No. 16 ¶¶ 15–16. Comments from the government or its witnesses about "victims" are of no value in establishing the elements of the offenses that the government must prove at trial. *Blue Cross & Blue Shield of N.J., Inc. v. Philip Morris, Inc.*, 138 F. Supp. 2d 357, 365 (E.D.N.Y. 2001) (An "evidentiary proposition is considered 'relevant' only if it is logically related, either directly or through an inferential chain of proof, to at least one of the

---

[1] Unless otherwise noted, we have omitted internal citations, quotation marks, and alterations from citations in this brief.

formal elements of the charges made or defenses raised in the case."). Because such evidence is not relevant, it is not admissible. Fed. R. Evid. 402.

### B. Argument, Evidence, And Reference To "Victims" Other Than The issuing banks Is Substantially More Prejudicial Than Probative

Even if evidence, argument, or reference to victims other than the issuing banks were relevant under Rule 401, the "probative value" of testimony about them "is substantially outweighed by a danger of . . . unfair prejudice, confusing the issues, misleading a jury, undue delay, [and] wasting time." Fed. R. Evid. 403. Permitting the government to present evidence and argue to the jury about such alleged victims will only make the jury's job harder by confusing them about the government's theory of the case and the evidence that does and does not satisfy the government's burden of proof. *Highland Cap. Mgmt., L.P. v. Schneider*, 551 F. Supp. 2d 173, 192 (S.D.N.Y. 2008) (evidence of harms to non-parties inadmissible when "the only apparent reason for such trial strategy would be to show the jury that defendants are bad people"). The jurors could conclude, mistakenly, that even though the government did not prove the elements of conspiracy, defendants are guilty because some "victim" was harmed. And, because the jury deliberates in secret, neither the Court nor the parties will have any way of learning of such a misunderstanding and will be unable to intervene. Given those stakes, the Court should preclude the government and its witnesses from referring to any "victims." *United States v. Dowtin*, 2012 WL 7679552, at *5 (E.D.N.Y. Nov. 20, 2012) ("[C]ourts must be scrupulous to avoid the specter of guilt by association—or, more likely, guilt by confusion.").

Recognizing the risk of unfair prejudice, other courts have carefully limited the government's use of the word "victim" in other cases. *See, e.g.*, *United States v. Powell*, 2016 U.S. Dist. LEXIS 16435, at *6 (W.D. Wash. Feb. 10, 2016) (directing the government "to use all reasonable efforts to avoid referring to the women who are the subjects of the Superseding

Indictment as victims"); *United States v. Cohorn*, 2018 U.S. Dist. LEXIS 196681, at *7 (W.D. Ark. Nov. 19, 2018) (instructing the government to "to first approach the bench before" calling certain individuals "victims"); *Erwin v. Secretary*, 2013 U.S. Dist. LEXIS 28804, at *109 (N.D. Fla. Feb. 12, 2013) (noting that the court previously granted the defendant's motion *in limine* to "preclude[] references to the accuser as the victim"); *Campbell v. United States*, 2017 U.S. Dist. LEXIS 134085, at *7 (D.S.D. Jan. 23, 2017) (similar).  This Court should do the same.

The risk of juror confusion and unfair prejudice is particularly pronounced in fraud cases, and many courts have narrowly limited what the government may argue in those cases.  In *United States v. Allen*, for example, Your Honor precluded the government from arguing that the defendant's conduct harmed Rabobank, a Dutch financial institution, because the indictment explicitly alleged that the defendant was being prosecuted for alleged harm to Bank of America and Citibank, not Rabobank.  *See United States v. Allen*, No. 14 Cr. 272, at 293:11–294:15, 576:16–581:2 (S.D.N.Y. Oct. 19 & 21, 2015) (attached as Exhibit A).  Similarly, in *United States v. Demos*, a case involving alleged fraud in the market for residential mortgage-backed securities, the court precluded "any reference to the 2007 financial crisis and any reference to [harm to] taxpayers" because taxpayer harm was irrelevant and prejudicial.  *See United States v. Demos*, No. 16 Cr. 220 (D. Conn. Mar. 19, 2018) (ECF No. 244).

Allowing the government to pursue this theme will also waste the jury's time and devolve into a confusing and time-consuming trial within a trial.  If the government argues or introduces evidence relating to purported "victims," defendants will need to defend themselves by presenting evidence to refute the allegations.  *United States v. Schatzle*, 901 F.2d 252, 256 (2d Cir. 1990) (district court properly precluded evidence and argument that would have required a "mini trial" and would have "focus[ed] the jury upon the wrong event").  The presentation of

*relevant* evidence is likely to take three weeks. There is no reason to impose further burdens on the jury or the Court by requiring them to sit through the presentation of evidence that ultimately has no probative value but is necessary to rebut the government's accusations and insinuations. *United States v. Sterling*, 2017 WL 2304024, at *6 (S.D.N.Y. May 24, 2017) (precluding evidence that "could only have caused further irrelevant distraction").

## II. THE COURT SHOULD PRECLUDE THE GOVERNMENT FROM REFERRING TO DEFENDANTS' BUSINESSES AS "SHELL" OR "PROXY" COMPANIES

The Court should also preclude the government from referring to "shell" or "proxy" entities under Rule 403. Courts regularly use Rule 403 to preclude parties and their witnesses from using similarly pejorative or loaded terms because of the inherent danger of unfair prejudice. *See, e.g.*, *Aristocrat Leisure Ltd. v. Deutsche Bank Tr. Co. Americas*, 2009 WL 3111766, at *7 (S.D.N.Y. Sept. 28, 2009) (precluding the use of the phrase "tax haven" because it is inflammatory and cautioning the parties against using "inflammatory terms and making derogatory statements that do not bear on the issues being tried"); *Highland*, 551 F. Supp. 2d at 193 (precluding parties from "characteriz[ing] admissible evidence and testimony as 'securities fraud,' 'illegal,' 'insider trading,' 'inside information,' and 'market manipulation'"); *MF Glob. Holdings Ltd. v. PricewaterhouseCoopers LLP*, 232 F. Supp. 3d 558, 570 (S.D.N.Y. 2017) ("[C]ourts often prohibit the use of certain pejorative terms when such categorizations [are] inflammatory and unnecessary to prove a claim and such statements do not bear on the issues being tried.").

### A. The Government Should Be Precluded From Using the Word "Shell" To Describe Defendants' Businesses

The government should not be permitted to call any company that defendants managed "shells," "shell" companies, or any variant of that term because that pejorative description has no evidentiary value while creating a risk of unfair prejudice. The Honorable Kiyo A. Matsumoto

5

addressed this very question in *United States v. Watts*, 934 F. Supp. 2d 451, 482 (E.D.N.Y. 2013), and correctly precluded the use of the terms "shell company" and "shell corporation." In *Watts*, the government argued there was no basis to preclude it or witnesses from using such language, because the terms are not pejorative. Judge Matsumoto rejected that argument, holding that terms like "'shell company' or 'shell corporation' could be perceived to have a pejorative meaning" and "[n]o evidentiary value is added by allowing [witnesses] to use those terms." *Id.* As a result, the court "direct[ed] that the government and any of its witnesses refrain from using the terms 'shell corporation' or 'shell company,'" and it also ordered that the government was "directed to expressly instruct its witnesses to avoid use of the terms 'shell corporation' or 'shell company' at trial." *Id.*; *see also United States v. Boustani*, No. S1 18 Cr. 681 (E.D.N.Y. Sept. 26, 2019) (ECF No. 213) (granting defendant's unopposed request to preclude use of the term "shell company").

The Court should do the same here. The phrase "shell" companies, corporations, vehicles, entities, or any other variant will offer "no evidentiary value" at trial, *Watts*, 934 F. Supp. 2d at 482, but may unfairly prejudice defendants. Its probative value is substantially outweighed by the risk of unfair prejudice. As in *Watts* and *Boustani*, the Court should preclude the government from using that kind of language and it should require the government to instruct its witnesses to heed that order as well.

### B. The Government Should Be Precluded From Using the Word "Proxy" To Describe Defendants' Businesses

The same is true of the term "proxy." The term "proxy company" or "proxy corporation" may evoke many of the same unfair prejudice as do the terms "shell company" or "shell corporation." These terms have little evidentiary value and any limited evidentiary value the government may derive from using them is outweighed by the danger of unfair prejudice. For

6

the reasons stated above as to "shell" entities, the Court should also preclude the government from referring to "proxy" entities.

## **CONCLUSION**

For the foregoing reasons, the Court should preclude the government from referring to "victims," or to "shell" or "proxy" entities.

Dated: February 16, 2021

| ROTHKEN LAW FIRM | QUINN EMANUEL URQUHART & SULLIVAN, LLP |
| --- | --- |
| */s/ Ira Rothken* | */s/ William A. Burck* |
| Ira Rothken | William A. Burck |
| Jared Smith | Derek L. Shaffer |
| 3 Hamilton Landing | 777 6th Street NW 11th floor |
| Suite 280 | Washington, DC 20005 |
| Novato, CA 94949 | Telephone: (202) 538-8000 |
| Telephone: (415) 924-0425 | Fax: (202) 538-8100 |
| Email: ira@techfirm.net | Email: williamburck@quinnemanuel.com |
| Email: jared@techfirm.net | Email: derekshaffer@quinnemauel.com |

Christopher Tayback
Mari F. Henderson
865 S Figueroa Street 10th Floor
Los Angeles, CA 90017
Telephone: (213) 443-3000
Fax: (213) 443-3100
Email: christayback@quinnemanuel.com
Email: marihenderson@quinnemanuel.com

Sara C. Clark
711 Louisiana St., Ste. 500
Houston, Texas 77002
Telephone: (713) 221-7000
Fax: (713) 221-7100
Email: saraclark@quinnemanuel.com