# EXHIBIT A

```
FAJQALL1
```

1  UNITED STATES DISTRICT COURT
   SOUTHERN DISTRICT OF NEW YORK
2  ------------------------------x

3  UNITED STATES OF AMERICA,

4           v.                              14 CR. 272 (JSR)
                                            Trial
5  ANTHONY ALLEN and ANTHONY
   CONTI,
6
                Defendants.
7
   ------------------------------x
8
                                            New York, N.Y.
9                                           October 19, 2015
                                            9:10 a.m.
10

11 Before:

12                      HON. JED S. RAKOFF,

13                                          District Judge
                                            and a Jury
14                           APPEARANCES

15 PREET BHARARA
        United States Attorney for the
16      Southern District of New York
   BRIAN R. YOUNG
17 CAROL SIPPERLY
   MICHAEL T. KOENIG
18      Assistant United States Attorneys

19 WILLKIE & GALLAGHER LLP
        Attorneys for Defendant Anthony Allen
20 BY:  MICHAEL S. SCHACHTER
        CASEY DONNELLY
21
   TOR EKELAND, P.C.
22      Attorneys for Defendant Anthony Conti
   BY:  TOR EKELAND
23      AARON WILLIAMSON

24

25

1  you don't have to show that there was a federally insured
2  counterparty for each count if there was at least one federally
3  insured counterparty --
4          THE COURT: But the scheme contemplated harm to
5  federally insured financial institutions.
6          MR. YOUNG: That's correct. And so if we have one
7  financial institution --
8          THE COURT: So the answer to my question is that no
9  count is dismissed ipso facto by my ruling on this motion.
10         MR. YOUNG: That's correct.
11         THE COURT: Let's turn to the motion. I continue to
12 believe, and I thank the parties for their papers and for the
13 government's valiant attempt to reargue the matter. But I
14 continue to believe that the indictment fairly read does not
15 charge that Rabobank was affected in any sense. The
16 government, fully aware of this Court's opinion in the
17 Countrywide case, could easily have presented the grand jury
18 with an indictment that said Rabobank is affected. It doesn't
19 say that. Indeed, I don't think it surfaced in any respect so
20 far as the Court is concerned until the motions in limine.
21         There are snippets in the indictment that if cobbled
22 together by an adroit cobbler could support the government's
23 position, but I don't think they really constitute a fair
24 reading of the indictment, given how simple it would have been
25 to make a direct assertion of the kind the government now

asserts.

I also think that this belated assertion is prejudicial to the defendants because it's by no means clear to me that the relevant part of Rabobank is federally insured, that Rabobank appears to be, from the little bit I can tell from the papers presented on this reconsideration, an entity that has an unusual or at least unfamiliar organization of its various affiliated components.

And we are talking now about a component in California nowhere mentioned in the indictment that has a relationship with the rest of Rabobank and particularly the portion of Rabobank in which the government's witnesses were involved and the portion of Rabobank to which the indictment expressly refers that is obscure at best, and defendants would have wanted to have meaningful discovery on that.

MR. KOENIG:  Your Honor, may I be heard on that.

THE COURT:  Yes.

MR. KOENIG:  I think that the issue is not whether Rabobank NA was affected.  The issue is whether Rabobank Netherlands was affected.  Under U.S.C. 20, I believe it's Section 6, Rabobank Netherlands is a bank holding company, and a bank holding company qualifies as a financial institution if it has control and ownership of an FDIC insured entity.

It misses the argument a little bit to say that Rabobank NA is not affected.  We are not alleging an effect on

```
 1   UNITED STATES DISTRICT COURT
     SOUTHERN DISTRICT OF NEW YORK
 2   ------------------------------x

 3   UNITED STATES OF AMERICA,

 4            v.                              14 CR. 272 (JSR)

 5   ANTHONY ALLEN and ANTHONY
     CONTI,
 6
                  Defendants.
 7
     ------------------------------x
 8
                                              New York, N.Y.
 9                                            October 21, 2015
                                              10:00 a.m.
10
11   Before:

12                       HON. JED S. RAKOFF,

13                                            District Judge

14
                              APPEARANCES
15
     PREET BHARARA
16        United States Attorney for the
          Southern District of New York
17   BRIAN R. YOUNG
     CAROL SIPPERLY
18   MICHAEL T. KOENIG
          Assistant United States Attorneys
19
     WILLKIE & GALLAGHER LLP
20        Attorneys for Defendant Anthony Allen
     BY:  MICHAEL S. SCHACHTER
21        CASEY DONNELLY

22   TOR EKELAND, P.C.
          Attorneys for Defendant Anthony Conti
23   BY:  TOR EKELAND
          AARON WILLIAMSON
24

25
```

1  time either side had any exhibit that was relevant to their
2  case, but had nothing to do with a witness who was on the
3  stand, they would say, well, it's relevant and it's been
4  stipulated, it's a business record or it's been stipulated,
5  it's not hearsay or so forth.  I am going to put it in because
6  I can make a nice rhetorical point at this point in the
7  chronology through the use of that exhibit and that, I think,
8  would be totally disruptive of the efficient organization of
9  this case.  I hear your argument and you may well be able to
10 put it in later, but not through this witness.  The objection
11 is sustained.
12         MS. SIPPERLY:  Your Honor, if I may, the witness
13 testified about those e-mails in the context of his absence.
14 It was a practice of what the traders did when Mr. Robson was
15 absent.
16         THE COURT:  Notwithstanding your further explanation,
17 I adhere to my ruling.
18         I want to rule and quickly because I have to go
19 perform a wedding in 12 minutes.  On the very interesting issue
20 that both sides have favored me with very excellent papers and
21 arguments, and that is the government's motion to introduce
22 evidence to prove that Rabobank was an affected financial
23 institution within the meaning of 18 U.S.C. Sections 20 and
24 3293(2) and, more generally, whether they can make that
25 argument at all.  And not to leave you in suspense before I

1   give my reasons, I'll give you my bottom line, that motion is
2   denied, and I will not allow the government to do that.
3            What made it a closer call than I had first recognized
4   was, I am persuaded by the government that this is not a
5   constructive amendment.  The superseding indictment at
6   paragraph 28 says:  "The scheme had an effect on one or more
7   financial institutions within the meaning of Title 18, United
8   States Code, Sections 20 and 3293(2).  The conduct of the
9   conspirators caused financial institutions to be susceptible to
10  substantial risk of loss and to suffer actual loss."  Now, it
11  is quite true that the rest of the indictment fleshes that out
12  without reference to Rabobank and with specific reference to
13  the banks that were the counterparties, such as Bank of America
14  and Citibank, and that will be relevant in a minute.
15           But I think that given the general allegation that the
16  statute of limitations, in effect, was 10 years because of the
17  effect on a financial institution, it does not constitute a
18  constructive amendment to prove then that it was some other
19  institution than the ones particularly identified in the
20  indictment.  It seems to me similar to the overt act cases in
21  that respect.
22           Putting it a different way, double jeopardy clearly
23  would attach so that, for example, if all that was shown was an
24  effect on Citibank and Bank of America and the defendants were
25  acquitted, the government could not bring a new indictment

1  saying, okay, this time we are alleging an effect on Rabobank.
2  That would be clearly barred by double jeopardy.  And this is
3  really the other side of that coin.  It's not a case of a
4  constructive amendment.  It's not an essential element alleging
5  that there is an affect on institutions may well be an
6  essential element.  Saying we now propose to prove a different
7  institution than the ones particularized in the indictment is
8  not to change the nature of the essential element.

9       However, I think there is a prejudicial variance.  And
10 the fact of the matter is that the kind of effect that's being
11 premised as the effect of Rabobank is of a very different
12 nature than the effect that is particularized in the indictment
13 with respect to Citibank and Bank of America.

14      The allegation that's now being offered with respect
15 to Rabobank is that the employees allege misconduct in bringing
16 LIBOR-affected Rabobank through, in effect, a form of
17 respondeat superior, or if it was done not as a matter of law
18 but as a matter of facts, by subjecting them to various
19 investigations and inquiries that they had to spend money and
20 responding to and so forth.  It's really a very different kind
21 of approach and it came very late in the day.  I've heard
22 competing arguments and all this.

23      It seems clear to the Court that no real notice of
24 this was given until, at the earliest, September 8 in the
25 e-mail that we have seen previously.  Some of the relevant

1     discovery was not provided until October.  The parties were

2     aware that it was only with some reluctance that the Court had

3     even moved the trial date from October 5 to October 13 and that

4     consistent with the mandates of the Speedy Trial Act that this

5     Court was determined to bring this case to trial in October.

6     And so to have this very different form of affect raised so

7     late in the day, at a time when any reasonable defense counsel

8     would have been extraordinarily busy preparing against what had

9     previously been alleged, was on its face prejudicial to the

10    defendants.

11              Moreover, I think the language of a number of cases

12    that talk about how the affect has to be direct suddenly comes

13    into play here because the purpose of 18 U.S.C. Section 3293

14    and the purpose of Congress' legislation in this area

15    generally, it is in substantial part to protect the public

16    Fiske, as Congress in the house report on FIRREA states, that

17    one of the purposes is, quote, to put the Federal Deposit

18    Insurance Funds on a sounder financial footing for the future.

19    That's a reference to the house conference report No. 101-222,

20    dated August 4, 1989.

21              Applying that in the unusual context of this case, a

22    very different context, for example, from the rather

23    straightforward context of the impact on Countrywide and Bank

24    of America in the case that I had previously in this area, here

25    the effect, so far as anything the government has offered, is

on the holding company in the Netherlands, but the insurance applies to the fourth tier subsidiary -- I guess not technically a subsidiary -- fourth tier holding in California.

While I find there is prejudice, in any event, if we were to go forward, the government, in the Court's view, would have to show not simply the effect on Rabobank Netherlands, but the effect, which I think would be very difficult to show and certainly would not be direct and certainly has not been part of their proffer, on the Rabobank entity in California, which my law clerk says is merely a third tier entity, not a fourth tier, so I make that correction.

Putting it in a different way, the reason Congress included holding companies was to avoid loopholes or make sure that the public Fiske was not being evaded in a case involving significant impact on federally insured institutions by the fact that there was a holding company involved. That was their model, looking at the impact on the federally insured institution, but in making sure that holding companies could be held liable. But here it's really the reverse. The impact is on the holding company, if at all, not on the federally insured institution.

While I don't need to reach that, because I find there was sufficient prejudice in any event, that reinforces my conclusion that it would be a prejudicial variance to allow the government to proceed at this time with the argument that

1  Rabobank was an affected financial institution.
2            Accordingly, the government's motion is denied.  I am
3  not going to hear anything more because I have to go literally
4  right now.  Anything you want to say, I will be perfectly happy
5  to hear you at 10:00 tomorrow, but I must leave.
6            (Adjourned to Thursday, October 22, 2015, at 10:00
7  a.m.)