UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA

    - against -

HAMID "RAY" AKHAVAN, and
RUBEN WEIGAND,

    Defendants.

20-CR-188-JSR

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT HAMID ("RAY") AKHAVAN'S MOTION *IN LIMINE* #6: TO REQUIRE THE GOVERNMENT TO PROVE THE PREREQUISITES FOR ADMISSION OF CERTAIN ALLEGED CO-CONSPIRATOR STATEMENTS OUTSIDE THE PRESENCE OF THE JURY AND PRIOR TO ADMITTING SUCH HEARSAY STATEMENTS INTO EVIDENCE**

# TABLE OF CONTENTS

**Page**

ARGUMENT ..................................................................................................................................... 1

THE COURT SHOULD REQUIRE THE GOVERNMENT TO PROVE THE PREREQUISITES FOR ADMISSION OF ALLEGED CO-CONSPIRATOR STATEMENTS PRIOR TO ADMITTING SUCH HEARSAY STATEMENTS INTO EVIDENCE ............................................................................... 1

CONCLUSION ................................................................................................................................. 4

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Bourjaily v. United States*, 483 U.S. 171 (1987) ............................................................................... 2

*Cordero v. United States*, 2010 WL 5347624 (S.D.N.Y. Dec. 28, 2010) ............................................ 2

*United States v. Diaz*, 176 F.3d 52 (2d Cir. 1999) ............................................................................. 2

*United States v. DiCarlo*, 131 F. Supp. 2d 537, 539 (S.D.N.Y. 2001) ................................................. 3

*United States v. Gigante*, 166 F.3d 75 (2d Cir. 1999) ........................................................................ 2

*United States v. Heatley*, 994 F. Supp. 483 (S.D.N.Y. 1998) ......................................................... 2, 3

*United States v. Russo*, 302 F.3d 37 (2d Cir. 2002) ........................................................................... 2

**Rules**

Fed. R. Evid. 103(d) ............................................................................................................................ 3

Fed. R. Evid. 104(b) ........................................................................................................................ 1, 3

Fed. R. Evid. 104(c)(3) ........................................................................................................................ 3

Fed. R. Evid. 801(d)(2)(E) ........................................................................................................... 1, 2, 3

Defendant Hamid ("Ray") Akhavan respectfully submits this memorandum of law in support of his motion *in limine* to require the government to prove the prerequisites for admission of certain alleged co-conspirator statements outside the presence of the jury and prior to admitting them into evidence.

## ARGUMENT

**THE COURT SHOULD REQUIRE THE GOVERNMENT TO PROVE THE PREREQUISITES FOR ADMISSION OF ALLEGED CO-CONSPIRATOR STATEMENTS PRIOR TO ADMITTING SUCH HEARSAY STATEMENTS INTO EVIDENCE**

In its Bill of Particulars, the government identified over 100 alleged "co-conspirators" with defendants, including virtually every entity that was part of any transaction (except the issuing banks) and over 70 individuals. The Court should not permit the government to introduce what are otherwise hearsay statements from this army of alleged unindicted co-conspirators unless, *and until*, the Court finds these entities and individuals qualify as co-conspirators within the meaning of Rule 801(d)(2)(E). *See* Fed. R. Evid. 801(d)(2)(E) (a statement is not hearsay if "[t]he statement is offered against an opposing party and[] was made by the party's coconspirator during and in furtherance of the conspiracy"). Courts sometimes admit co-conspirator statements subject to connection under Rule 104(b). *See* Fed. R. Evid. 104(b) ("When the relevance of evidence depends on whether a fact exists, proof must be introduced sufficient to support a finding that the fact does exist. The court may admit the proposed evidence on the condition that the proof be introduced later."). But doing so here would be improper here because (1) the government is so unlikely to be able to establish that these individuals' statements qualify under Rule 801(d)(2)(E), and (2) it appears a material portion of what the government intends to offer into evidence consists of statements attributable to these individuals and entities. In these circumstances, a curative instruction given at the end of trial will not be sufficient to purge the taint of this evidence, and the prejudice to Mr. Akhavan will be extreme. Rather than risk the possibility of having to declare a

1

mistrial at the end of the trial, the Court should require the government to demonstrate that the named entities and individuals are co-conspirators within the meaning of Rule 801(d)(2)(E) *prior to* admitting their statements under the co-conspirator exception. *See, e.g.*, *United States v. Heatley*, 994 F. Supp. 483, 490 (S.D.N.Y. 1998) (Sotomayor, J.) (encouraging the government to "seek from the Court an advance ruling on any potentially doubtful evidence under the *Bourjaily* standard which it might seek to introduce at trial") (citing *Bourjaily v. United States*, 483 U.S. 171, 175–76 (1987)).[1]

The government will not be able to meet its burden with respect to these individuals because there is no documentary evidence sufficient under Rule 801(d)(2)(E) to establish the existence of a conspiracy, nor is there any indication that testimony will suffice, either. A statement may qualify for admission under Rule 801(d)(2)(E) upon a showing "first, that a conspiracy existed that included the defendant and the declarant; and second, that the statement was made during the course of and in furtherance of that conspiracy." *United States v. Gigante*, 166 F.3d 75, 82 (2d Cir. 1999). Mere association between the declarant and the defendant is not enough. There "must be a conspiracy with some specific criminal goal," because it "is the unity of interests stemming from a specific shared criminal task that justifies Rule 801(d)(2)(E) in the first place." *Id.* at 83. A statement may qualify if the objective of the conspiracy is tortious or otherwise wrongful, even if not criminal *per se*. *See, e.g.*, *United States v. Russo*, 302 F.3d 37, 45 (2d Cir. 2002). To make the required showing, the government must offer "independent corroborating evidence" in addition to the statements being offered as co-conspirator statements, because "these hearsay statements are presumptively unreliable." *United States v. Diaz*, 176 F.3d 52, 83 (2d Cir. 1999); *accord Cordero v. United States*, 2010 WL 5347624, at *3 (S.D.N.Y. Dec. 28, 2010).

---

[1] Unless otherwise noted, we have omitted internal citations, quotation marks, and alterations from citations in this brief.

There is no reason to believe that there will be evidence establishing that the 100+ entities and individuals identified as co-conspirators were engaged in a conspiracy for purposes of Rule 801(d)(2)(E). Admitting statements from these individuals subject to connection would be inappropriate because the likelihood the government will be able to make the connection under Rule 104(b) is so low and the risk of prejudice from putting the statements before the jury is so high. Courts should "conduct a jury trial so that inadmissible evidence is not suggested to the jury by any means," Fed. R. Evid. 103(d), and they should "conduct any hearing on a preliminary question so that the jury cannot hear it if … justice so requires," Fed. R. Evid. 104(c)(3).

Nor would a later instruction cure that prejudice. The trial is likely to be lengthy and complex—and is occurring at what no doubt will be a difficult time in the lives of many jurors—thereby raising the risk that jurors will become confused and unable to remember which hearsay statements ultimately were excluded and stricken and which were admitted. *Cf. United States v. DiCarlo*, 131 F. Supp. 2d 537, 539 (S.D.N.Y. 2001) (JSR) (refusing to admit evidence under Rule 404(b) in a "complex but reasonably focused case" where it "would so hopelessly confuse the jury as to substantially outweigh, both in terms of unfair prejudice and of confusion, any possible probative value"). And for statements the government is most likely to highlight during the trial, the prejudice could be so great that the only remedy would be to declare a mistrial. The Court should not risk such a colossal waste of effort, particularly when judicial resources are as precious as they are right now.

In these circumstances, the Court should require the government to establish admissibility first, rather than admitting the statements subject to connection. *See Heatley*, 994 F. Supp. at 490. Whatever minimal inconvenience this may impose is far smaller than the prejudice to Mr. Akhavan of erroneous admission and the prospect of a potential mistrial.

## CONCLUSION

For the foregoing reasons, the Court should require the government to prove the prerequisites for admission of certain alleged co-conspirator statements outside the presence of the jury and prior to admitting them into evidence.

Dated: February 16, 2021

| | |
|---|---|
| ROTHKEN LAW FIRM | QUINN EMANUEL URQUHART & SULLIVAN, LLP |
| */s/ Ira Rothken* | */s/ William A. Burck* |
| Ira Rothken | William A. Burck |
| Jared Smith | Derek L. Shaffer |
| 3 Hamilton Landing | 777 6th Street NW 11th floor |
| Suite 280 | Washington, DC 20005 |
| Novato, CA 94949 | Telephone: (202) 538-8000 |
| Telephone: (415) 924-0425 | Fax: (202) 538-8100 |
| Email: ira@techfirm.net | Email: williamburck@quinnemanuel.com |
| Email: jared@techfirm.net | Email: derekshaffer@quinnemauel.com |

Christopher Tayback
Mari F. Henderson
865 S Figueroa Street 10th Floor
Los Angeles, CA 90017
Telephone: (213) 443-3000
Fax: (213) 443-3100
Email: christayback@quinnemanuel.com
Email: marihenderson@quinnemanuel.com

Sara C. Clark
711 Louisiana St., Ste. 500
Houston, Texas 77002
Telephone: (713) 221-7000
Fax: (713) 221-7100
Email: saraclark@quinnemanuel.com