AO 89 (Rev. 08/09) Subpoena to Testify at a Hearing or Trial in a Criminal Case

# UNITED STATES DISTRICT COURT
for the

Southern District of New York

|  |  |  |
|---|---|---|
| United States of America | ) | |
| v. | ) | |
| Ruben Weigand and Hamid ("Ray") Akhavan | ) | Case No.  1: 20-cr-00188-JSR |
| | ) | |
| *Defendant* | ) | |

## SUBPOENA TO TESTIFY AT A HEARING OR TRIAL IN A CRIMINAL CASE

To:   Visa, Inc., c/o David Russell, Arnold & Porter Kaye Scholer LLP, 250 West 55th Street, New York, NY 10019

**YOU ARE COMMANDED** to appear in the United States district court at the time, date, and place shown below to testify in this criminal case.  When you arrive, you must remain at the court until the judge or a court officer allows you to leave.

| Place of Appearance: | Daniel Patrick Moynihan, United States Courthouse, 500 Pearl St., New York, NY 10007 | Courtroom No.: | 14B |
|---|---|---|---|
| | | Date and Time: | 03/01/2021 10:00 am |

You must also bring with you the following documents, electronically stored information, or objects *(blank if not applicable)*:   Please see attached Rider.



(SEAL)

Date:   **FEB 1 1 2021**

RUBY J. KRAJICK

CLERK OF COURT

*Signature of Clerk or Deputy Clerk*

The name, address, e-mail, and telephone number of the attorney representing *(name of party)* ____ Hamid Akhavan ____, who requests this subpoena, are:

Christopher Tayback | 865 S. Figueroa St. 10th Floor, Los Angeles, CA | christayback@quinnemanuel.com | (213) 443-3000

William A. Burck | 1300 I St NW #900, Washington, DC 20005 | williamburck@quinnemanuel.com | (212) 849-7000

Sara C. Clark | 711 Louisiana St., Ste. 500, Houston, TX 77384 | saraclark@quinnemanuel.com | 713-221-7000

89  (Rev. 08/09) Subpoena to Testify at a Hearing or Trial in a Criminal Case (Page 2)

Case No.   1: 20-cr-00188-JSR

# PROOF OF SERVICE

This subpoena for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

    ❒  I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____ on *(date)* _____ ; or

    ❒  I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $   0.00   .

I declare under penalty of perjury that this information is true.

Date: _____

_____

*Server's signature*

_____

*Printed name and title*

_____

*Server's address*

Additional information regarding attempted service, etc:

## Rider

### Instructions

1. **Previously Produced Materials**:  The production of materials is sought with regard to any responsive materials not previously produced by You to Defendant Hamid ("Ray") Akhavan in this action.  Reproduction is not sought, nor is the burden of reproduction intended to be imposed, by the issuance of the instant requests.

2. **Relevant time period**:  For each of the below inquiries, this request is limited to documents and communication in your possession, custody or control from the time period from 2016 through 2019.  This includes any document or communication in effect during this time period, even if executed or with an effective date prior to the relevant time period or that expired during the relevant time period, if such document or communication would be otherwise responsive.

3. **Rules of Construction:**  The following rules of construction apply to all discovery requests:

    a. All/Any/Each. The terms "all," "any," and "each" shall each be construed as encompassing any and all.

    b. And/Or. The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope.

    c. Number. The use of the singular form of any word includes the plural and vice versa.

4.  **Applicable Protective Order**:  Any production made in response to these requests is subject to the Protective Order governing third-party productions, attached as Annex A hereto.

### Definitions

1. **Agreement** means any contract, understanding, or agreement between Visa and the entities listed below.

2. **Visa** refers to Visa, Inc., and any of its relevant parent, affiliate, subsidiary, predecessor or successor entities.

3. **Communication**: The term "communication" means the transmittal of information (in the form of facts, ideas, inquiries or otherwise).

4. **Concerning.** The term "concerning" means relating to, referring to, describing, evidencing or constituting.

5. **Credit Card** means any Visa- or MasterCard- branded consumer credit card provided to a consumer that allows that consumer to purchase goods and services at merchants approved by Visa or MasterCard.

6. **Debit Card** means any card provided by a bank to an account holder that allows the holder to transfer money electronically to another bank account when making a purchase, including such cards associated with systems or networks associated Maestro, Interlink,

1

Visa DPS, and any other debit card systems or networks associated with Visa and MasterCard.

7. **Document.** The term "document" is defined to be synonymous in meaning and equal in scope to the usage of the term "documents or electronically stored information" in Fed. R. Civ. P. 34(a)(1)(A). A draft or non-identical copy is a separate document within the meaning of this term.

8. **Marijuana** and **Cannabis** are to be interpreted interchangeably as any product, substance, or thing containing the psychoactive dried resinous flower buds and leaves of the female hemp or cannabis plant.

9. "**You**" and "**Your**" refer to the recipient of this subpoena, and any of its relevant parent, affiliate, subsidiary, predecessor or successor entities.

10. **No Responsive Materials**: To the extent no such documents described by a Request exist or are reasonably believed to exist, You are requested to so state.

## Requests for Production

1. Documents and Communications sufficient to identify any investigation or inquiry conducted by You regarding cannabis or marijuana-related businesses, including communications with issuing (i.e., consumer) or acquiring (i.e., merchant) banking institutions.

2. Documents or Communications concerning Your policies, processes or procedures for the investigation or identification of cannabis or marijuana-related businesses or transactions, including with regard to communications with issuing (i.e., consumer) or acquiring (i.e., merchant) banking institutions.

3. Documents or Communications reflecting any of Your policies, guidelines, training materials, or procedures for investigating, identifying and/or correcting incorrect merchant category codes in connection with cannabis transactions.

4. Documents or Communications identifying any action taken by You to remedy an erroneous merchant category code related to cannabis transactions.

5. Documents or Communications concerning the number of merchant miscoding investigations undertaken by You annually during the relevant time period in connection with actual or suspected cannabis transactions.

6. Documents or communications concerning actions taken by You in connection with an investigation into merchant miscoding involving cannabis transactions, including, but not limited to, fines, monitoring, terminations, referrals, civil proceedings, or any other remedy or corrective action.

7. Documents or communications concerning any criminal referrals by You related to cannabis transactions.

8. Documents or communications concerning any efforts made or actions taken by You to identify cannabis-related merchants or businesses located in California or Oregon that were accepting Your Credit or Debit Cards.

9.  Documents or communications regarding any of Your policies, guidelines, training materials, or procedures concerning the onboarding of cannabis or marijuana-related businesses as merchants within Your network.

10. Any public statement or guidance by You concerning Your policies and guidelines concerning Credit or Debit Card processing in the cannabis or marijuana industry in the United States, including any such statement or guidance concerning processing in California or Oregon.

11. Visa Core Rules and Visa Product and Service Rules, including any prior versions that may have been in effect during the relevant time period.

12. Visa Merchant Data Standards Manual, including any prior versions that may have been in effect during the relevant time period.

13. Member Agreements or other Agreements related to credit card processing in effect from 2016 through 2019 between Visa and the following merchant banks:  (a) E-Comprocessing, Ltd. (b) PXP Financial Group Limited f/k/a Kalixa Payments Group Limited, (c) Clearhaus A/S, and (d) Wirecard Bank AG and, where applicable, member status from 2016 through 2019 for the same entities.

14. Member Agreements or other Agreements related to credit card processing in effect from 2016 through 2019 between Visa and the following payment processors and/or independent sales operators ("ISOs"):  (a) EU Processing, (b) Clearsettle Limited, and (c) Genc & Er. Bilisim, Ltd. and, where applicable, member status from 2016 through 2019 for the same entities.

# Annex A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 1:20-cr-00188 |
| -against- | Hon. Jed S. Rakoff |
| Hamid Akhavan, | [PROPOSED] PROTECTIVE ORDER |
| a/k/a "Ray Akhavan," and | |
| Ruben Weigand, | |
| Defendants. | |

Upon the application of the Defendants Ruben Weigand and Hamid "Ray" Akhavan (together, the "Defendants"), the Court issues this protective order to address the production of discovery material to Defendants by non-parties to this action ("Third Parties," and this order the "Third Party Protective Order"), and in so doing finds and orders as follows:

1.     Unless ordered by the Court or otherwise provided for herein, all documents, objects, and information (including electronically stored information) produced to the Defendants by Third Parties in connection with this action ("Third Party Discovery Material"), whether in response to subpoenas issued pursuant to Federal Rule of Criminal Procedure 17 or other requests, and whether or not marked Highly Confidential by any Third Party, shall be treated as confidential, and will be held and used by the Defendants, their counsel, and personnel employed by or contracted by defense counsel for the purposes of defending this action solely for the purpose of their defense in the above-captioned action (the "Case").  Such material shall not be shared or publicly disseminated except in accordance with this Order.

2.      Third Parties may designate portion[s] of Third Party Discovery Material as "Highly Confidential" by stamping or otherwise clearly marking as "Highly Confidential" the protected portion in a manner that will not interfere with legibility or audibility, and, to the extent any party to this action might seek to introduce at trial any document so marked, by producing for public use another copy of said Third Party Discovery Material with the confidential information redacted.

3.      The Third Party producing any given Third Party Discovery Material may designate as Highly Confidential material that consists of:

(a)     previously nondisclosed confidential business information, trade secrets or financial information;

(b)     any information of a personal or intimate nature regarding any individual; or

(c)     any other category of information hereinafter given confidential status by the Court.

4.      If at any time prior to the trial of this action, a producing Third Party realizes that some portion[s] of Third Party Discovery Material that that Third Party previously produced should be designated as Highly Confidential, it may so designate by so apprising Defendants in writing, and such designated portion[s] of the Third Party Discovery Material will thereafter be treated as Highly Confidential under the terms of this order.

5.      Any party who objects to the designation of Third Party Discovery Material as Highly Confidential may at any time prior to the trial of this action serve upon counsel for the designating Third Party a written notice stating with particularity the grounds of the objection or request.  If agreement cannot be reached promptly, counsel for all affected parties will convene a joint telephone call with the Court to obtain a ruling.

6.      The Defendants may only disclose Third Party Discovery Material (whether designated Highly Confidential or otherwise) to:

(a)      the Defendants, their counsel, and personnel employed by or retained by defense counsel, for purposes of defending this action;

(b)      the Government;

(c)      as to any document, its author, its addressee, and any other person indicated on the face of the document as having received a copy;

(d)      any individual who defense counsel in good faith believes may be either a prospective witness in this action, or who may be able to provide the defense with leads to additional evidence or who is retained to provide advice, expertise, or other non-administrative services in connection with this matter and these individuals' counsel; and

(e)      the Court and its support personnel.

7.      Highly Confidential Third Party Discovery Materials may be displayed to and discussed with persons identified in Paragraphs 6(c) and 6(d) only on the condition that, prior to any such display or discussion, each such persons shall execute the agreement set forth in Annex A to this Order, and agree to by bound by this Order. In the event such person refuses to sign an agreement, the party desiring to disclose the Highly Confidential Third Party Discovery Material to such party may seek appropriate relief from the Court.

8.      Each person who has access to the Highly Confidential Third Party Discovery shall have a duty to take due precautions to prevent the unauthorized or inadvertent disclosure of such material.

9.      The Third Party producing Third Party Discovery Material may authorize, in writing, disclosure of Third Party Discovery Material, including any Highly Confidential Third Party Discovery Material, beyond that otherwise permitted by this Order without further Order of this Court.

10.     This Order does not prevent the disclosure of any Third Party Discovery Material, including any designated as Highly Confidential, in any hearing or trial held in this action, or to any judge or magistrate judge, for purposes of this action.  Such disclosures shall be made pursuant to the rules and any further order of this Court.

11.     However, any Highly Confidential Third Party Discovery Material pertinent to any motion before the Court should initially be filed under seal, absent consent of the Third Party producing such Highly Confidential Third Party Discovery Material, or Order of the Court.  All filings should comply with the privacy protection provisions of Fed. R. Crim. P. 49.1 and the rules of this Court, and should be marked with the following statement:

**CONTAINS HIGHLY CONFIDENTIAL MATERIAL**

**FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER.**

12.     All persons are hereby placed on notice that the Court is unlikely to seal or otherwise afford confidential treatment to any Discovery Material ~~(including Third Party Discovery Material)~~ introduced in evidence at trial, ~~or Highly Confidential~~ even if such material has previously been sealed or designated as Confidential ~~or Highly Confidential~~.  The Court also retains unfettered discretion whether or not to afford confidential treatment to any Confidential ~~or Highly Confidential~~ Document, or information contained in any Confidential ~~or Highly Confidential~~ Document submitted to the Court in connection with any motion, application, or proceeding that may result in an order and/or decision by the Court.

13.     If, in connection with this action a Third Party inadvertently discloses information subject to a claim of attorney-client privilege or attorney work product protection ("Inadvertently Disclosed Information"), such disclosure shall not constitute or be deemed a waiver or forfeiture of any claim of privilege or work product protection with respect to the Inadvertently Disclosed Information and its subject matter.

14.     If a disclosing party makes a claim of inadvertent disclosure, the receiving party shall, within five business days, return or destroy all copies of the Inadvertently Disclosed Information, and provide a certification of counsel that all such information has been returned or destroyed.

15.     Not later than 60 calendar days after conclusion of this action and any appeal related to it, all Highly Confidential material of any type, all copies thereof, and all excerpts therefrom shall be returned to counsel for the applicable third party or destroyed at the third party's option, except that outside counsel for each of the parties may retain one copy of all Highly Confidential material, and except to the extent such material has been used as evidence at any trial or hearing. Notwithstanding this obligation to return or destroy information, counsel may retain any attorney work product.

16.     There is good cause for entry of this Third Party Protective Order set forth herein.

17.     A breach of the provisions of this Order shall be subject to sanctions, in the discretion of the Court as within or authorized by any statute, rule, or inherent power of the Court, or as otherwise provided by law.

18.     The provisions of this supplemental protective order shall not terminate at the conclusion of this criminal prosecution and the Court will retain jurisdiction to enforce this Order following termination of the case.

19.    This Third Party Protective Order shall be effective immediately upon signature by this Court.

SO ORDERED:

Dated December _14_ 2020

_____
Honorable Jed S. Rakoff
United States District Judge

<u>Annex A to Third Party Protective Order</u>

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                -against-<br><br>Hamid Akhavan,<br><br>    a/k/a "Ray Akhavan," and<br><br>Ruben Weigand,<br><br>             Defendants. | Case No. 1:20-cr-00188<br><br>Hon. Jed S. Rakoff<br><br><u>Non-Disclosure Agreement</u> |

I, _____, acknowledge that I have read and understand the Third Party Protective Order in this action governing the non-disclosure of those portions of Third Party Discovery Material that have been designated as Highly Confidential. I agree that I will not disclose such Highly Confidential Discovery Material to anyone other than for purposes of this litigation and that at the conclusion of the litigation I will return all discovery information to the party or attorney from whom I received it. By acknowledging these obligations under the Third Party Protective Order, I understand that I am submitting myself to the jurisdiction of the United States District Court for the Southern District of New York for the purpose of any issue or dispute arising hereunder and that my willful violation of any term of the Third Party Protective Order could subject me to punishment for contempt of Court.

Dated: _____     Signed: _____

7