UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>    v.<br><br>HAMID AKHAVAN and RUBEN WEIGAND,<br><br>    Defendants | Case No. 20-cr-188 (JSR) |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT RUBEN WEIGAND'S
<u>MOTION TO DISMISS THE INDICTMENT</u>**

# TABLE OF CONTENTS

| | Page |
|---|---|
| PRELIMINARY STATEMENT | 1 |
| BACKGROUND | 3 |
| ARGUMENT | 6 |
|     I.    As of February 9, 2021, Seventy Non-Excludable Days Had Elapsed Since Mr. Weigand's Initial Appearance | 6 |
|     II.    Pursuant to the Speedy Trial Act, the Indictment Should Be Dismissed With Prejudice | 7 |
|     III.    The Indictment Should Be Dismissed With Prejudice Due to a Violation of Mr. Weigand's Sixth Amendment Right to a Speedy Trial | 10 |
| CONCLUSION | 13 |

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Barker v. Wingo*,
   407 U.S. 514 (1972) ...................................................................................................9, 11

*Doggett v. United States*,
   505 U.S. 647 (1992)........................................................................................................11

*United States v. Olsen,*
   No. SACR 17-00076-CJC, 2020 WL 6145206(C.D. Cal. Oct. 14, 2020)...........................2, 10

*United States v. Taylor*,
   487 U.S. 326 (1988)........................................................................................................7, 9

*United States v. Tigano*,
   880 F.3d 602 (2d Cir. 2018).............................................................................................11

**Statutes**

18 U.S.C. § 3161................................................................................................................1, 6, 7

18 U.S.C. § 3162................................................................................................................3, 6, 7

**Other Authorities**

U.S. Const. Amend. VI .........................................................................................................10

Defendant Ruben Weigand ("Weigand") respectfully submits this memorandum of law in support of his motion to dismiss the Indictment with prejudice for a violation of the Speedy Trial Act and the Sixth Amendment.

## **PRELIMINARY STATEMENT**

Pursuant to the Speedy Trial Act (the "Act"), 18 U.S.C. § 3161, the Court must dismiss the Indictment against Mr. Weigand and should dismiss it with prejudice.

Following his initial appearance in this District, Mr. Weigand consented to exclusions of time under the Speedy Trial Act through December 1, 2020, the date this Court set for trial of this matter. The December 1 trial date was adjourned just 26 days before the trial was to commence due to a District-wide suspension of jury trials during the holiday season. *See* 20-MC-00622, ECF No. 1. Mr. Weigand objected to any further exclusions of time. On December 8, this case was rescheduled for trial to commence on January 25, 2021. On January 5, that trial date, too, was adjourned by virtue of an extension of the District-wide suspension of jury trials. *See* 20-MC-00622, ECF No. 3. As this Court observed these adjournments were "very frustrat[ing]." *See* January 7, 2021 Conference, Tr. at 6:15-6:20. As of February 9, 2021, more than 70 days of non-excludable time elapsed since Mr. Weigand's initial appearance in this District.

We fully recognize the extraordinary challenges the COVID-19 pandemic has presented to the operation of this (and all) federal courts. The procedures this Court implemented as of June 22, 2020, pursuant to the Phased Re-Entry Plan (COVID-19),[1] set forth a comprehensive plan to permit the Court to return to full operation following the first wave of COVID-19 in the New York area. The Plan and other procedures adopted by this Court to conduct jury trials

---

[1] United States District Court for the Southern District of New York, 2020 Phased Re-Entry Plan (COVID-19) (June 22, 2020), https://www.nysd.uscourts.gov/sites/default/files/2020-06/reentry%20public%20%286.22.20%29.pdf.

safely include, among other things: rigorous screening upon entrance to the courthouse (including temperature checks); the use of special courtrooms permitting jurors and lawyers to social distance, plexiglass screens to permit lawyers to question witnesses safely and limiting the hours of the trial day so jurors avoid rush hour travel, among other precautions. Following these procedures, this Court presided over a jury trial from October 26 to November 19, 2020, which, by all accounts, was conducted in a safe manner, without anyone getting sick.

Mr. Weigand has asserted his right to a speedy trial. His rights have been violated. As one judge recently put it: "There is no pandemic exception in the Constitution," and "the Constitution has stood the test of time for more than 230 years."[2] *See also United States v. Olsen*, SACR 17-00076-CJC, 2020 WL 6145206 (C.D. Cal. Oct. 14, 2020) (dismissing thirty-five count indictment on grounds that the district court's failure to provide defendant with a jury trial, even amidst the COVID-19 pandemic, violated defendant's statutory and constitutional rights to a speedy trial).

In determining whether to dismiss with prejudice, this Court must consider the seriousness of the offense and the facts and circumstances of the case. As the Court knows, this case involves allegations of a bank fraud scheme the Government concedes caused no economic harm. *See* ECF No. 170 (Gov. Mot. in Limine), at 11. Remarkably, even today, Eaze, the marijuana delivery service at the heart of this case continues to allow its customers to pay with cards bearing the Visa and Mastercard logos. The United States banks that issued those cards – the supposed victims of the scheme – continue processing millions of dollars of transactions plainly labeled as marijuana sales.

---

[2] Administrative Office of the U.S. Courts, Federal Judges Reinventing the Jury Trial During Pandemic (August 27, 2020), https://www.uscourts.gov/news/2020/08/27/federal-judges-reinventing-jury-trial-during-pandemic.

Mr. Weigand, a successful and well-respected businessman with no criminal history, spent seven months in jail during a time when the virus was spreading rapidly in prisons. He underwent surgery while incarcerated. Following multiple bail applications, this Court ordered Mr. Weigand released on October 5, 2020, but he remains confined under private, armed security guards, at his own expense. Dismissal of the indictment with prejudice is required.[3]

## BACKGROUND

On March 9, 2020, a grand jury in the Southern District of New York indicted Mr. Weigand and his co-defendant, Hamid "Ray" Akhavan ("Akhavan"), on a single count of conspiracy to commit bank fraud. That same day, Mr. Weigand was arrested during a layover at Los Angeles International Airport while traveling from Zurich, Switzerland to San Jose, Costa Rica for a vacation with his fiancé. On March 13, Mr. Weigand was presented in the Central District of California before Magistrate Judge Patrick J. Walsh, who ordered his release on bail. The Government appealed that ruling to this Court. After holding a telephonic bail review hearing on March 17, this Court ordered him detained, finding among other things, that Germany does not extradict its own citizens. *See* March 17, 2020 Bail Hearing, Tr. at 27:3-9. Mr. Weigand's initial appearance before this Court was on April 28, 2020, when he was arraigned on the superseding indictment and entered a plea of not guilty.

At the April 28 arraignment, the Court set trial for December 1, noting that "barring truly extraordinary circumstances that date [would] not be extended because that is much longer than [the Court] would normally give." April 28, 2020 Arraignment, Tr. at 12:6–10. The Court also excluded time under the Act from April 28, 2020 to December 1, 2020. *Id*. at 12:16-24. On

---

[3] If a defendant does not assert his rights under the Speedy Trial Act by moving to dismiss the indictment prior to trial, the defendant waives those rights on appeal. *See* 18 U.S.C.A. § 3162(a)(2) ("Failure of the defendant to move for dismissal prior to trial or entry of a plea of guilty or nolo contendere shall constitute a waiver of the right to dismissal under this section.").

3

September 3, at a bail hearing for Mr. Akhavan, this Court described the December 1 trial date as "firm, fixed, final, and unmovable . . . ." September 3, 2020 Bail Hearing, Tr. at 8:25–9:2.

On November 5, the December 1 trial date was adjourned because of an Order by the Chief Judge adjourning all trials in the District scheduled for the period beginning December 1, 2020 and ending January 15, 2020. *See* 20-MC-00622, ECF No. 1. On December 2, 2020, the Court SO ORDERED a Government request to exclude time under the Act from December 1, 2020 to January 15, 2021, the date the Chief Judge's adjournment was set to expire. *See* ECF No. 124. On the same day the Court granted the Government's request, Mr. Weigand filed a letter with the Court asserting that he did not consent to the exclusion of time from December 1, 2020 to January 15, 2021. *See* ECF No. 125 (noting that discovery in this case was complete, that pretrial motions had been decided, and detailing the "considerable hardship" Mr. Weigand has endured while awaiting trial, including his seven-month incarceration, hospitalization and surgery, separation from his family, and stringent bail conditions).

On December 8, 2020, trial was set for January 25, 2021, which the Court described as "firm, fixed, and final." But, on January 5, the Chief Judge again issued an Order adjourning trials through February 12, 2021, forcing Mr. Weigand's trial to, once again, be adjourned. *See* 20-MC-00622, ECF No. 3.[4]

On January 7, 2021, the Court held a scheduling conference, to address, among other things, a new trial date. The Court first expressed its frustration with respect to the consecutive trial adjournments: "Now, to get to the most important thing, the trial, I am, frankly, very

---

[4] The Order purported to exclude time under the Speedy Trial Act from "the last scheduled date of expiration until the next conference scheduled by the presiding judge." 20-MC-00622, ECF No. 3 at 1. Because Mr. Weigand's Speedy Trial Act time was not set to expire until February 9, 2021, and the Court held a conference on January 7, 2021, this blanket exclusion did not apply. If for whatever reason the Court finds that the Order's exclusion does somehow affect our Speedy Trial Act analysis, Mr. Weigand challenges the validity of such a blanket exclusion.

4

frustrated by the fact that first we were going to try this case on December 1st, and then on January 25th. And through the orders of the Chief Judge, which, of course, are based on maintaining a COVID-free environment, each of those dates has now been postponed." *See* January 7, 2021 Conference, Tr. at 6:15-6:20. The Court then informed the parties that, although there were currently other trials in the District scheduled for March, this case was essentially next in line should those cases not go forward. *See* January 7, 2021 Conference, Tr. at 6:21-7:2. Mr. Weigand, through his counsel, informed the court that "it's very much our desire to have the trial as soon as possible," and inquired whether it was possible to hold the trial during the latter half of February. *Id*. at 9:20-25. The Court initially agreed to a February trial, if possible, but the Government opposed, citing potential issues with out-of-country and out-of-state witnesses. *Id*. at 10:1, 11:21-12:5. Ultimately, the Court agreed that it would give the Government at least four weeks notice with respect to any new trial date. *Id*. at 13:18-24. At the January 7 conference, the Court excluded time between January 7, 2021 and May 17, 2021.[5] *Id.* at 9:11-16. With respect to that exclusion of time, Mr. Weigand's counsel informed the Court that, "[s]o the record is clear, we do not consent to any further adjournments under the Speedy Trial Act." *Id*. at 14:23-24.

On January 29, 2021, the trial was rescheduled for March 2, 2021, which was subsequently moved up one day, resulting in the current trial date at the time of this filing: March 1, 2021.

---

[5] The Court excluded time until May 17, 2020, because, although there were discussions during the conference regarding an earlier trial date, May 17 was the tentative trial date set by the Court. *See* January 7, 2021 Conference, Tr. 9:11-2.

5

# ARGUMENT

## I. As of February 9, 2021, Seventy Non-Excludable Days Had Elapsed Since Mr. Weigand's Initial Appearance

The Speedy Trial Act provides that trial on a criminal charge "shall commence within seventy days from . . . the date the defendant has appeared before a judicial officer of the court in which such charge is pending." 18 U.S.C. § 3161(c)(1). When a defendant establishes that his trial did not commence within the time prescribed by statute, the court *must* dismiss the charges, either with or without prejudice. 18 U.S.C.§ 3162(a)(2). If a defendant does not assert his rights under the Speedy Trial Act by moving to dismiss the indictment prior to trial, the defendant waives those rights on appeal. 18 U.S.C.A. § 3162(a)(2) ("Failure of the defendant to move for dismissal prior to trial or entry of a plea of guilty or nolo contendere shall constitute a waiver of the right to dismissal under this section.").

Speedy Trial Act time was excluded between the date of Mr. Weigand's initial appearance in this District, April 28, 2020, through December 1, 2020. However, on December 2, 2020 and January 7, 2021, Mr. Weigand expressly objected to the exclusion of any additional time under the Act. *See* ECF No. 125; *see also* January 7, 2021, Scheduling Conference, Tr. at 14:23-24. Moreover, although the court SO ORDERED the Government's request for exclusion of time under the Act from December 1, 2020 to January 15, 2021, the Court did not explicitly state it's reasoning on the record for excluding this additional time, as is required by the Act. *See* U.S.C. § 3161(h)(7)(A) (the Act provides that an "ends of justice" exclusion may not be granted "unless the court sets forth, in the record of the case, either orally or in writing, its reasons for finding that the ends of justice served by the granting of such continuance outweigh the best interests of the public and the defendant in a speedy trial.").

Further, the COVID pandemic alone does not justify the Court's two recent exclusions of Speedy Trial Act time, from December 1 to January 15 and from January 7 to May 17, under the Act's "ends of justice" provision. Congress enumerated specific factors that courts must consider in determining whether to exclude time under the Act's "ends of justice" provision. *See* 18 U.S.C. § 3161(h)(7)(B). Those factors include, as is relevant here, "[w]hether the failure to grant such a continuance in the proceeding would be likely to make a continuation of such proceeding impossible, or result in a miscarriage of justice." 18 U.S.C. § 3161(h)(7)(B)(i). As explained in more detail in Section II and III of this brief, this Court's October/November 2020 trial, as well as other activities this District's citizens have been permitted to engage in, have demonstrated, quite clearly, that a jury trial has been *possible* for some time now, and no miscarriage of justice would have otherwise resulted from failing to grant a continuance.

As of February 9, 2021, seventy non-excludable days elapsed since Mr. Weigand's initial appearance, and the Indictment must be dismissed accordingly.

## II. Pursuant to the Speedy Trial Act, the Indictment Should Be Dismissed With Prejudice

In deciding whether to dismiss with prejudice, the Act requires the Court to consider "the seriousness of the offense; the facts and circumstances of the case which led to the dismissal; and the impact of a reprosecution on the administration of this chapter and on the administration of justice." 18 U.S.C. § 3162(a)(1). In addition, the Court may also consider the prejudice to Mr. Weigand, which is a relevant but not a dispositive factor. *See United States v. Taylor*, 487 U.S. 326, 334 (1988) (although prejudice to the defendant was not specifically enumerated in Section 3162(a)(2), "there is little doubt that Congress intended this factor to be relevant for a district court's consideration").

The first factor weighs heavily in favor of dismissal with prejudice. This is an extraordinary prosecution in many ways but the fact the Government concedes that the alleged

7

victims did not lose money and in fact profited from the transactions at issue is striking. *See* ECF No. 170 (Gov. Mot. in Limine) at 11 ("The Government does not expect that the evidence at trial will show that the United States issuing banks suffered a financial loss on these transactions . . . .").

Moreover, the defense has developed evidence that the issuing banks do not care about processing transactions for marijuana sales legal under state law. Indeed, even today, Eaze allows its customers to use cards issued by the U.S. issuing banks, bearing the Visa or Mastercard logo, belying the Government's central theory of this case: that had the issuing banks known that the transactions subject to the Indictment were for Eaze, they would have refused to process them. The transactions are coded in such a way that the issuing banks are explicitly informed they are Eaze sales and yet continue to approve the transactions. *See* February 20, 2021 Memorandum Order, ECF No. 177 at 10 ("The fact that banks nevertheless process such transactions, like the private investigator's test buy, could arguably support an inference that the banks would not have cared about the misrepresentations that the defendants allegedly made."). Thus, the banks were not harmed, financially or otherwise, and have shown, through their own conduct, that they did not care that the underlying transactions were connected to Eaze.

The second factor also weighs heavily in favor of dismissal with prejudice. It has been almost a year since the pandemic first disrupted our lives, and during this time, the Southern District of New York has instituted comprehensive and effective procedures to allow the Court to hold in-person proceedings, such as trials, while still minimizing the dangers presented by the ongoing pandemic. Indeed, this Court presided over a criminal jury trial in October and November of 2020. *See United States v. William Taylor*, 19 Cr. 850 (JSR). Yet, notwithstanding the trial being a success from an operational and safety standpoint, the Southern District of New

York made the subsequent decision to once again adjourn trials. While we recognize that there was a well-founded concern with increased infection rates around the holidays, those concerns cannot outweigh Mr. Weigand's right to a Speedy Trial. Notably, the reported infection rate in New York State as of today is significantly higher than the reported rate when the last extension order was entered, yet the March 1 trial is set to proceed.

Furthermore, there is no question that Mr. Weigand has suffered the forms of "non-trial prejudice" recognized by the Supreme Court:

> Inordinate delay between public charge and trial, wholly aside from possible prejudice to a defense on the merits, may seriously interfere with the defendant's liberty, whether he is free on bail or not, and may disrupt his employment, drain his financial resources, curtail his associations, subject him to public obloquy, and create anxiety in him, his family and his friends.

*Taylor*, 487 U.S. at 340 (internal alterations omitted) (quoting *Barker v. Wingo*, 407 U.S. 514, 537 (1972) (White, J., concurring)).

Mr. Weigand undoubtedly suffered prejudice as a result of the delays of his trial. On March 9, 2020, during a layover at Los Angeles International Airport, Mr. Weigand was arrested, interrogated, and then spent seven months in Santa Ana City Jail in Orange County, California, pending trial. *See* ECF No. 26-1 (Letter for Bail Reconsideration) at 4. During Mr. Weigand's time in prison, Mr. Weigand developed serious health ailments (on top of a preexisting ailment), including a gall bladder condition that required hospitalization and surgery. *See* ECF No. 98-1 (Letter for Bail Reconsideration) at 5. Not only did Mr. Weigand's health ailments cause him great physical discomfort and pain, but being subject to those ailments during the COVID pandemic, while in prison in a country that is not his own, caused Mr. Weigand an unimaginable amount of mental agony as well.

9

Although Mr. Weigand was finally granted bail on October 5, 2020, after multiple bail applications, each of which was opposed by the Government, he still continues to face severe prejudice. Mr. Weigand is in a foreign country, thousands of miles away from his family and friends, and is required to pay a substantial amount of money to (1) rent an apartment in Manhattan, and (2) pay for armed security guards to watch him 24/7. *See* ECF No. 112 (Bail Reconsideration Opinion and Order) at 6–8.

Mr. Weigand's professional livelihood has likewise suffered. Mr. Weigand's seven-month incarceration and the substantial time that has lapsed since he has been accused of the crime outlined in the Indictment, has severely impeded Mr. Weigand's ability to operate his businesses and make a living. He has, for all intents and purposes, lost a year of his life.

This past October, a federal judge in the Central District of California, recognizing the importance of a defendant's constitutional and statutory rights to a speedy trial, and noting the myriad of social and entertainment activities citizens of the District had been permitted to engage in despite the pandemic, dismissed a thirty-five count indictment against a defendant on Speedy Trial Act and Sixth Amendment grounds. *See United States v. Olsen*, No. SACR 17-00076-CJC, 2020 WL 6145206, at *5, *9 (C.D. Cal. Oct. 14, 2020) ("There is no question that the current pandemic is serious, and with little precedent. But under the current circumstances, it is simply not a physical or logistical impossibility to conduct a jury trial. Unlike in the cases where the ends of justice exception has been applied in the wake of a natural disaster or other exigency, travel and communication are functioning.").

### III. The Indictment Should Be Dismissed With Prejudice Due to a Violation of Mr. Weigand's Sixth Amendment Right to a Speedy Trial

The Sixth Amendment guarantees that "[i]n all criminal prosecutions, the accused shall enjoy the right to a speedy . . . trial." U.S. Const. amend. VI. The right to a speedy trial is "'as

fundamental as any of the rights secured by the Sixth Amendment.'" *United States v. Tigano*, 880 F.3d 602, 611 (2d Cir. 2018) (quoting *United States v. Klopfer*, 386 U.S. 213, 223 (1967)). "Its origin in our legal system dates back over 800 years and it was understood as part of the essential safeguards against the newly formed Government of the United States." *Id*. Unlike the statutory right to a speedy trial, the constitutional right to a speedy trial cannot be waived. *Id*. (citing *Barker v. Wingo,* 407 U.S. 514, 529-30 (1972)).

In *Barker*, the Supreme Court identified four factors that guide the determination of whether a defendant has been deprived of his constitutional right to a speedy trial: "[l]ength of delay, the reason for the delay, the defendant's assertion of his right, and prejudice to the defendant." *Barker v. Wingo,* 407 U.S. 514, 530 (1972). The Court emphasized that none of these factors is dispositive and that they are to be considered "together with such other circumstances as may be relevant" and "with full recognition that the accused's interest in a speedy trial is specifically affirmed in the Constitution." *Id*. at 533.

With respect to the first factor, courts generally find a delay to be presumptively prejudicial as it approaches one year from the time of accusation. *See Doggett v. United States*, 505 U.S. 647, 652 n.1 (1992) ("[T]he lower courts have generally found postaccusation delay 'presumptively prejudicial' at least as it approaches one year"). Mr. Weigand was arrested on March 9, 2020, which, at the time of this filing, is nearly a full year ago.

With respect to the second factor, as discussed in Section II of this brief, the delay has been caused by the Southern District of New York's decision to suspend jury trials even though it had adequate COVID procedures and protocols to allow trials to proceed safely. Adjournments of the trial during a time when people in this District were permitted under New

York State and CDC guidance to frequent gyms,[6] cannot be justified when considered against the backdrop of an important constitutional right such as the Sixth Amendment right to a speedy trial.

While Mr. Weigand does not minimize the seriousness of the pandemic, this Court, as well as others, have already demonstrated that it is possible to hold jury trials during the COVID pandemic in a safe, effective way. For example, in May 2020, Judge James C. Dever III of the Eastern District of North Carolina decided to go forward with two separate jury trials after determining they could be conducted safely. In an article by the Administrative Office of the U.S. Courts, published on August 27, 2020, Judge Dever is quoted as saying: "There is no pandemic exception in the Constitution," and "the Constitution has stood the test of time for more than 230 years."[7]

With respect to the third factor, Mr. Weigand has asserted his right to a speedy trial to the Court numerous times. On December 2, 2020, Mr. Weigand filed a letter with the Court expressly stating that he does not consent to exclusion of time under the Speedy Trial Act from December 1, 2020 to January 15, 2021. *See* ECF No. 125. And, most recently, on January 7, 2021, the Court held a scheduling conference where the Court excluded time between January 7, 2021 and May 17, 2021. *See* January 7, 2021, Scheduling Conference, Tr. at 9:11-16. During this conference call, Mr. Weigand's counsel informed the Court that Mr. Weigand "do[es] not consent to any further adjournments under the Speedy Trial Act." *Id*. at 14:23-24.

---

[6] Governor Cuomo Announces Gyms and Fitness Centers Can Reopen Starting August 24 (August 17, 2020), https://www.governor.ny.gov/news/governor-cuomo-announces-gyms-and-fitness-centers-can-reopen-starting-august-24.

[7] Administrative Office of the U.S. Courts, Federal Judges Reinventing the Jury Trial During Pandemic (August 27, 2020), https://www.uscourts.gov/news/2020/08/27/federal-judges-reinventing-jury-trial-during-pandemic.

Finally, with respect to the last *Baker* factor, the prejudice Mr. Weigand has endured, and continues to endure, is severe. The details of this prejudice are outlined in Section II of this brief.

## CONCLUSION

For the foregoing reasons, defendant Weigand respectfully requests that this Court dismiss the Indictment with prejudice.

Dated: New York, New York
       February 23, 2021

Respectfully submitted,

DECHERT LLP

By: */s/ Michael J. Gilbert*

Michael J. Gilbert
Shriram Harid
Steven Pellechi
Amy Lesperance
Three Bryant Park
1095 Avenue of the Americas
New York, New York 10036-6797
Michael.gilbert@dechert.com
Shriram.harid@dechert.com
Steven.pellechi@dechert.com
Amy.Lesperance@dechert.com

Michael H. Artan
Michael H. Artan, Lawyer, A Professional Corporation
1 Wilshire Boulevard, Suite 2200
Los Angeles, CA 90071
Michaelartan@yahoo.com

*Attorneys for Defendant Ruben Weigand*