UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

United States of America,

     v.

Hamid Akhavan,
       a/k/a "Ray Akhavan," and

Ruben Weigand,

     Defendants.

**S3 20 Cr. 188**

 

**Government's Memorandum of Law in Opposition of Defendant Ruben Weigand's Motion to Dismiss**


AUDREY STRAUSS
United States Attorney for the
Southern District of New York
One St. Andrew's Plaza
New York, New York 10007


Nicholas Folly
Tara M. La Morte
Emily Deininger
Assistant United States Attorneys
    *Of Counsel*

## TABLE OF CONTENTS

PRELIMINARY STATEMENT ............................... **ERROR! BOOKMARK NOT DEFINED.**

BACKGROUND ...................................... **ERROR! BOOKMARK NOT DEFINED.**

ARGUMENT ......................................... **ERROR! BOOKMARK NOT DEFINED.**

I.    Law Governing Speedy Trial Exclusions ...................................................... 4

II.   Speedy Trial Time Has Not Elapsed .................................................. 6

III.  The Court Properly Granted Exclusions of Time
      Pursuant to 18 U.S.C. 3161(h)(7)(A) ............................................... 6

      A.    The Court's December 1, 2020, Order Endorsement
      Set Forth the Court's Reasons for Exclusion ................................. 7

      B.    Circumstances Surrounding the Pandemic Amply Justify an Exclusion of Time
      Pursuant to 18 U.S.C. § 3161(h)(7)(A). ...................................... 8

IV.   Even if There Was a Speedy Trial Act Violation, Weigand Is Not Entitled to Dismissal
      of the Indictment ...................................................... 10

      A.    Weigand's Sixth Amendment Rights Have Not Been Violated ........................ 12

CONCLUSION........................................................................... 17

# TABLE OF AUTHORITIES

**FEDERAL CASES**                                                                                    **Page(s)**

*Barker v. Wingo,*
    407 U.S. 514 (1972) ............................................................................... 13, 14, 15

*Bloate v. United States,*
    559 U.S. 196 (2010) ...................................................................................... 4

*Doggett v. United States,*
    505 U.S. 647 (1992) ................................................................................... 13, 14

*Furlow v. United States,*
    644 F.2d 764, 767-69 (9th Cir. 1981)........................................................10

*Henderson v. United States,*
    476 U.S. 321 (1986) .................................................................................. 4, 5

*United States v. Alvarez,*
    541 F. App'x 80 (2d Cir. 2013) ............................................................... 16

*United States v. Cain,*
    671 F.3d 271 (2d Cir. 2012) ............................................................... 14-15, 16

*United States v. Carrillo-Villa,*
    --- F. Supp. 3d ---, 2020 WL 1644773, at *3 & n.2 (S.D.N.Y. Apr. 2, 2020) ........................10

*United States v. Correa,*
    182 F. Supp. 2d 326, 329 (S.D.N.Y. 2001)..................................................10

*United States v. Fry,*
    2021 WL 304558, at * 3 (D. Or. Jan. 29, 2021) ....................................................10

*United States v. Gambino,*
    59 F.3d 353 (2d Cir. 1995) ..................................................................... 6

*United States v. Gaskin,*
    364 F.3d 438 (2d Cir. 2004) ................................................................... 11

*United States v. Ghailani,*
    733 F.3d 29 (2d Cir. 2013) ................................................................... 13

*United States v. Hoskins,*
    No. 3:12CR238 (JBA), 2019 WL 3890831 (D. Conn. Aug. 19, 2019) ................................... 6

ii

*United States v. Howard*,
    443 F. App'x 596 (2d Cir. 2011) .................................................. 16

*United States v. Jones*,
    No. 15-CR-133S, 2017 WL 2957818 (W.D.N.Y. July 11, 2017) .......................... 6

*United States v. Lagasse*,
    269 F. App'x 87, 89 (2d Cir. 2008) .................................................. 7, 16

*United States v. Lasker*,
    481 F.2d 229 (2d Cir. 1973) .................................................. 14

*United States v. Levis*,
    488 Fed. Appx. 481 (2d Cir. 2012) .................................................. 8

*United States v. Lynch*,
    726 F.3d 346, 356 (2d Cir. 2013).................................................. 6

*United States v. McGrath*,
    622 F.2d 36 (2d Cir. 1980) .................................................. 14

*United States v. Moreno*,
    789 F.3d 72 (2d Cir. 2015) .................................................. 13, 14, 15

*United States v. Olsen*,
    2020 WL 6145206 (C.D. Cal. Oct. 14, 2020) .................................................. 10

*United States v. Pair*,
    2021 WL 279239, at *6-*7 (E.D. Va. Jan. 27, 2021) .................................................. 10-11

*United States v. Paschall*,
    988 F.2d 972, 975 (9th Cir. 1993) .................................................. 10

*United States v. Richman*,
    600 F.2d 286, 292, 293-94 (1st Cir. 1979).................................................. 10

*United States v. Schlegel*,
    687 F. App'x 26 (2d Cir. 2017) .................................................. 14

*United States v. Scott*,
    245 F. App'x 391, 394 (5th Cir. 2007) .................................................. 10

*United States v. Simmons*,
    786 F.2d 479 (2d Cir. 1986) .................................................. 11, 12

*United States v. Stewart,*
   628 F.3d 246, 254 (6th Cir. 2010) ............................................................6

*United States v. Taylor,*
   487 U.S. 326 (1988) ................................................................ 11, 12

*United States v. Tinkleberg,*
   563 U.S. 647 (2011) ................................................................. 5

*United States v. Vassell,*
   970 F.2d 1162 (2d Cir. 1992) .................................................... 14

*United States v. Wells,*
   893 F.2d 535 (2d Cir. 1990) ...................................................... 11

*Vermont v. Brillon,*
   556 U.S. 81 (2009) ................................................................... 13

*Zedner v. United States,*
   547 U.S. 489 (2006) ............................................................. 7, 8, 10

## STATUTES AND RULES

18 U.S.C. § 3161 ............................................... 1, 4, 5, 6, 7, 8, 9, 10, 11

18 U.S.C. § 3162 ................................................................................ 11

Fed. Rule of Evid. 902 ....................................................................... 4

iv

## PRELIMINARY STATEMENT

The Government respectfully submits this memorandum of law in opposition to defendant Ruben Weigand's motion to dismiss the Indictment under the Speedy Trial Act.  Notwithstanding the Court's December 1, 2020, "so-ordered" endorsement of the Government's request to exclude time, Weigand contends that the Court did not explicitly state its reasoning on the record, as required by the Act and, as a result, time elapsed on February 9, 2021.  Weigand also contends that the Court's exclusions of time on December 1, 2020, and again on January 7, 2021 (through May 17, 2021), pursuant to 18 U.S.C. § 3161(h)(7)(A), were deficient because the pandemic alone does not justify an exclusion under the so-called "ends of justice" provision.  Finally, Weigand asserts that dismissal with prejudice is appropriate.

Weigand is wrong on all fronts.  As an initial matter, even without considering the interest-of-justice exclusions granted by this Court, speedy trial time has not run, as time has been tolled since February 5, 2021, automatically by the filing of motions.  Second, the Court's endorsement of the Government's December 1, 2020, letter seeking an exclusion of time and setting out the reasons warranting such exclusion reflects the Court's adoption of those reasons.  However, in an abundance of caution, the Government respectfully requests that the Court explicitly set forth its findings separately before ruling on this motion.  Third, the pandemic does in fact constitute a valid reason for granting an ends-of-justice exclusion under the Speedy Trial Act, as multiple courts have found.  Finally, even assuming that time has expired (it has not), dismissal with prejudice is not justified.

## BACKGROUND

On March 9, 2020, a grand jury empaneled in the Southern District of New York indicted Weigand and his co-defendant, Hamid Akhavan, for participating in a conspiracy to commit bank

fraud.  On April 28, 2020, following his transport to this district, Weigand appeared before this Court, and was arraigned and entered a plea of not guilty.

During the April 28, 2020 arraignment, the Court set trial for December 1, 2020, and excluded time, without objection, through the scheduled trial date.

On October 5, 2020, the Court ordered Weigand released on bail.  Since that time, he has resided in an apartment in downtown Manhattan.

On November 30, 2021, Chief Judge McMahon issued a Standing Order suspending in-person Court operations through January 15, 2021, as "required to preserve public health and safety in light of the recent spike in coronavirus cases, both nationally and within the Southern District of New York." M-10-468 (Nov. 30, 2021).

On December 1, 2020, the Government submitted a letter seeking an exclusion of time through January 15, 2021, citing Chief Judge McMahon's January 15, 2021 Standing Order, as well as the reasons previously expressed by the Court when it excluded time on April 28, 2020. The Court "so-ordered" the Government's letter on that same day.  (Dkt. No. 124).  Weigand submitted a letter objecting to the exclusion on December 2, 2020.  Weigand noted that discovery was completed and pre-trial motions decided, but did not address the pandemic-related reasons that justified the exclusion of time.  (Dkt. No. 125).

On January 5, 2021, the Chief Judge issued a First Amended Standing Order, reiterating that the continued suspension of operations through February 12, 2021, was necessary "to preserve public health and safety in light of the recent spike in coronavirus cases, both nationally and within the Southern District of New York."  20-mc-622 (Jan. 5, 2021).

2

On January 7, 2021, the Court held a conference, during which it excluded time through May 17, 2021—the date that the trial would occur if the Court was unable to schedule it sooner. The Court relayed very clearly the reasons why exclusion was proper.  In so doing, the Court noted that Weigand's reasons for objecting to an exclusion of time were "conclusory,"; when pressed by the Court as to whether Weigand's grounds for objecting to an exclusion of time (*i.e.* that he is a German national, wants to exercise his speedy trial right as quickly as possible, and that the case was ready for trial) would "override the risk of someone dying from COVID-19 if we went forward with a trial, say, tomorrow," Weigand's counsel responded "Certainly not, your Honor."  (Jan. 7, 2021 Tr. at 15).  Moreover, recognizing the significant difficulties attending the transportation and appearance of out-of-state and out-of-country witnesses in light of the pandemic, the Court agreed to give the Government four weeks' notice if the trial was to be scheduled sooner.  (*Id.* at 11-14). The Court committed to giving the case "priority" if there was any possibility the trial could be held in March.  (*Id.* at 14).

On January 29, 2021, the trial was scheduled for March 2, 2021, and is now scheduled to begin on March 1, 2021.

On February 5, 2021, the Government filed a motion *in limine* to admit business records pursuant to Federal Rule of Evidence 902(11). (Dkt. No. 135).  On that same day, Circle Internet Financial LLC filed a motion to quash Weigand's subpoena duces tecum, and defendant Akhavan filed a "request" for pretrial release.  (Dkt. No.s 137, 136).[1]

---

[1] The Court granted Akhavan's motion on February 12, 2021.  (Dkt. No. 150).

On February 14, 2021, the Court granted-in-part and denied-in-part the Government's motion *in limine* to admit business records pursuant to Federal Rule of Evidence 902(11) (Dkt. No. 151).  The Court granted-in-part and denied-in-part Circle Financial LLC's motion to quash on February 20, 2021.  (Dkt. No. 177).

On February 16, 2021, the parties filed numerous pretrial motions *in limine*, which are pending.  (Dkt. No.s 153-173).

As noted above, trial is scheduled for March 1, 2021.

## ARGUMENT

### I.  Law Governing Speedy Trial Exclusions

The Speedy Trial Act provides that the trial of a charge "shall commence within seventy days" from the public filing of an indictment or information, or from a defendant's initial appearance in court, whichever occurs later. 18 U.S.C. § 3161(c)(1).  That 70-day period, however, is subject to the exclusions of time set forth in Section 3161(h), some of which are automatic. 18 U.S.C. § 3161(h)(1)-(8); *see generally Bloate v. United States*, 559 U.S. 196, 203-04 (2010).

One automatic exclusion is for "delay resulting from any pretrial motion, from the filing of the motion through the conclusion of the hearing on, or other prompt disposition of, such motion." 18 U.S.C. § 3161(h)(1)(D).  This provision "excludes time in two situations." *Henderson v. United States*, 476 U.S. 321, 329 (1986).  First, as relevant here, for a motion decided on the papers without a hearing, the provision excludes time until "the court receives all the papers it reasonably expects." *Id*. at 329; *see also Id*. at 331 ("[F]or motions decided solely on the papers, Congress has allowed exclusion of time during which the parties are filing their briefs.").  At that

4

point, a related provision applies to automatically exclude "[a]ny period of . . . delay reasonably attributable to any period, not to exceed thirty days, during which any proceedings concerning the defendant is actually under advisement by the court." 18 U.S.C. § 3161(h)(1)(H). This provision excludes "up to 30 days while the district court has a motion 'under advisement,' *i.e.*, 30 days from the time the court receives all the papers it reasonably expects." *Henderson v. United States*, 476 U.S. at 328-29.[2] The measurement of the time to be excluded for a pretrial motion is the "time actually consumed by consideration of the pretrial motion," irrespective of whether a particular pretrial motion has any impact on when the prospective trial would otherwise begin. *United States v. Tinkleberg*, 563 U.S. 647, 656 (2011). "Hence, a defendant having made a motion cannot complain if its disposition is not expeditious; all the time consumed in deciding the motion is attributable to the defendant." *United States v. Gambino*, 59 F.3d 353, 359 (2d Cir. 1995).

The Court may also exclude time as a discretionary matter, pursuant to 18 U.S.C. § 3161(h)(7)(A), the so-called "ends of justice" provision. Under this provision, the Court may exclude "[a]ny period of delay from a continuance granted by any judge on his own motion or at the request of the defendant or his counsel or at the request of the attorney for the Government, if the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." A district court may find that the ends of justice support a continuance even when the defendant

---

[2] For a motion that requires a hearing, the provision excludes "all time between the filing of a motion and the conclusion of the hearing on that motion, whether or not a delay in holding that hearing is 'reasonably necessary.'" *Id.* at 330.

himself objects to the continuance. *United States v. Lynch*, 726 F.3d 346, 356 (2d Cir. 2013) (affirming adjournment sought by defense counsel and granted over defendant's objection and noting that "the statute even allows the district court to grant a continuance on its own initiative if the interests of justice justify such a delay.") (quoting *United States v. Stewart*, 628 F.3d 246, 254 (6th Cir. 2010)).

## II.  Speedy Trial Time Has Not Elapsed

Even if Weigand was correct that Speedy Trial Act time has been continuously ticking since December 1, 2020 (but as described below, this is wrong), he is wrong to conclude that 70 non-excludable days passed as of February 9, 2021.  Weigand overlooks the fact that the Government filed a pretrial motion *in limine* on February 5 that was resolved on February 14; that third-party Circle Internet Financial LLC filed a motion on February 5 that was resolved on February 20; and that all parties filed motions *in limine* on February 16 that are not yet resolved. Accordingly, pursuant to 18 U.S.C. § 3161(h)(1)(D), time has been automatically tolled since February 5, and 70 non-excludable days have not elapsed since December 1, 2020.  *See, e.g.*, *United States v. Hoskins*, No. 3:12CR238 (JBA), 2019 WL 3890831, at *8 (D. Conn. Aug. 19, 2019) (automatic exclusion of time for motions *in limine*); *United States v. Jones*, No. 15-CR-133S, 2017 WL 2957818, at *6 (W.D.N.Y. July 11, 2017) (same).

## III.  The Court Properly Granted Exclusions of Time Pursuant to 18 U.S.C. 3161(h)(7)(A)

In any event, the Court properly determined that the "ends of justice" supported excluding time under 18 U.S.C. § 3161(h)(7)(A) & (B).

6

**A.   The Court's December 1, 2020, Order Endorsement Set Forth the Court's Reasons for Exclusion**

As an initial matter, Weigand contends that the Court's December 1, 2020 Order, which excluded time through January 15, 2021, did not in fact exclude any time because the Court's order did not include "either orally or in writing its reasons for finding that the ends of justice served by the granting of such continuance outweigh the best interests of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(7)(A).  However, from the face of the Order it is apparent that the Court adopted the Government's recitation of reasons justifying the exclusion, primarily pandemic related.  (*See* Dkt. No. 125).

In an abundance of caution, however, the Government respectfully requests that the Court confirm its findings as to why time is properly excluded in this case between December 1, 2020, and January 15, 2021, *prior* to ruling on Weigand's motion to dismiss.  In *Zedner v. United States*, 547 U.S. 489 (2006), the Supreme Court indicated that "the findings must be made, if only in the judge's mind, before granting the continuance," and stated that while the statute is "ambiguous" as to when those findings must be set forth on the record, they "must be put on the record by the time a district court rules on a defendant's motion to dismiss" for violation of the Speedy Trial Act, *id.* at 506-07.  Applying *Zedner*, the Second Circuit has affirmed the denial of a motion to dismiss on speedy trial grounds where the district court made the requisite ends-of-justice findings, " 'if only in [his] mind,' before granting the continuances, [and] . . . put those findings on the record when he denied [the defendant's] motion to dismiss." *United States v. Lagasse*, 269 Fed. Appx. 87, 89 (2d Cir. 2008) (summary order) (quoting *Zedner v. United States*, 547 U.S. at 506;

first alteration in *Lagasse*); *see also United States v. Levis*, 488 Fed. Appx. 481, 484-85 (2d Cir. 2012)

Accordingly, notwithstanding the Court's December 1, 2020, Order excluding time, the Government respectfully requests that the Court affirm its findings as to this case in an Order, including citation to the particular provision of the Speedy Trial Act that applies, *before* the Court rules on Weigand's motion to dismiss.

**B.   Circumstances Surrounding the Pandemic Amply Justify an Exclusion of Time Pursuant to 18 U.S.C. § 3161(h)(7)(A).**

In excluding time on December 1, 2020, and again on January 7, 2021, the Court relied primarily on the health and safety risks posed by conducting a trial in this case during the pandemic.  Indeed, as Chief Judge McMahon observed in the Court's Standing Order of November 30, 2021, a suspension of in-person operations was "required to preserve public health and safety in light of the recent spike in coronavirus cases, both nationally and within the Southern District of New York." M-10-468 (CM).  The Chief Judge's First Amended Standing Order of January 5, 2021 reiterated that continued temporary suspension (through February 12, 2021) continued to be necessary to "preserve public health and safety."  20-mc-622 (Jan. 5, 2021).

Plainly the interests of justice served by the exclusion of time under the Speedy Trial Act outweigh the interests of the defendants and the public in a speedy trial in light of the pandemic, the limitations on the conduct of jury trials, and the ability to effectively prepare for jury trials. While Weigand points to the fact that several federal criminal trials have occurred during the pandemic—literally a few, nationwide—the reality is that social distancing and other health-safety considerations limit the number of jury trials that simultaneously can be conducted in a safe

8

manner.  As Chief Judge McMahon found in a prior Order, *see* 20 mc 197, the "current public health crisis continues to cause extraordinary disruption throughout the District, including, but not limited to the temporary closure of offices; the imposition of travel restrictions and discouragement of the use of mass transportation; the dislocation of many residents, and disruption and delays in the use of mails ..."

In this case specifically, these same interests properly justified the exclusion of time between December 1, 2021, and March 1, 2021, when this trial is to take place.  As the Government has explained to the Court, this trial in particular has been extraordinarily difficult to prepare (and will be difficult to conduct), as it requires many Government witnesses to travel from out of state and out of country in order to testify.  This poses obvious and acute health threats both to them and to others—notwithstanding the Court's best efforts to keep everyone safe.  Indeed, these health risks led this Court to grant a Government witness's application to testify by a remote video link. Jurors too are serious risk, both due to potential exposure from these witnesses and the heavy reliance on public transportation to travel through the District, including to and from the courthouse.  These factors amply justify a delay under the statute, as courts around the country have similarly concluded in other cases.[3]  *See* 18 U.S.C. § 3161(h)(7)(B)(i), (iii), (iv) (requiring the court to consider, among other factors, whether failing to grant a continuance would make the

---

[3] Weigand points out that this trial is scheduled to proceed on March 1 notwithstanding that COVID-19 infection rates remain high.  However, the statistics in New York City show that the infection rate is trending downward; in addition, better treatments are available and vaccines are being distributed.

continued prosecution "impossible, or result in a miscarriage of justice," or "would deny counsel for the defendant or the attorney for the Government the reasonable time necessary for effective preparation, taking into account the exercise of due diligence"); *United States v. Pair*, 2021 WL 279239, at *6-*7 (E.D. Va. Jan. 27, 2021 (citing cases); *United States v. Fry*, 2021 WL 304558, at * 3 (D. Or. Jan. 29, 2021); *cf. United States v. Carrillo-Villa,* --- F. Supp. 3d ---, 2020 WL 1644773, at *3 & n.2 (S.D.N.Y. Apr. 2, 2020).[4]  And in the past, courts facing other widespread and unforeseeable emergency circumstances have granted ends-of-justice continuances.  *See, e.g.*, *United States v. Correa*, 182 F. Supp. 2d 326, 329 (S.D.N.Y. 2001) (excluding time in ends of justice after September 11 terrorist attacks); *United States v. Scott*, 245 F. App'x 391, 394 (5th Cir. 2007) (Hurricane Katrina); *United States v. Paschall*, 988 F.2d 972, 975 (9th Cir. 1993) ("extreme adverse weather conditions"); *Furlow v. United States*, 644 F.2d 764, 767-69 (9th Cir. 1981) (eruption of volcano); *United States v. Richman*, 600 F.2d 286, 292, 293-94 (1st Cir. 1979) ("paralyzing blizzard").

Accordingly, the Court's exclusions of time are justified, and for this separate and independent reason, Weigand's motion to dismiss should be denied.

## IV.   Even if There Was a Speedy Trial Act Violation, Weigand Is Not Entitled to Dismissal of the Indictment

If a defendant files a meritorious motion to dismiss based on a Speedy Trial Act violation, the district court must dismiss the indictment or information, but such dismissal may be either with or without prejudice.  18 U.S.C. § 3161(a)(2); *Zedner v. United States*, 547 U.S. 489, 499 (2006).

---

[4] Weigand's citation to *United States v. Olsen*, 2020 WL 6145206 (C.D. Cal. Oct. 14, 2020) is unavailing, as it is an outlier and concerns a case indicted in 2017—approximately four years ago.

10

Importantly, "there is no presumption in favor of dismissal with prejudice in this circuit." *United States v. Simmons*, 786 F.2d 479, 485 (2d Cir. 1986); *see also United States v. Taylor*, 487 U.S. 326, 334 (1988) ("Congress did not intend any particular type of dismissal to serve as the presumptive remedy for a Speedy Trial Act violation.").

The factors that "the court shall consider, among others" with regard to whether to dismiss an indictment with or without prejudice, are "the seriousness of the offense; the facts and circumstances of the case which led to the dismissal; and the impact of a reprosecution on the administration of this chapter and on the administration of justice." 18 U.S.C. § 3162(a)(2).  The Supreme Court has made clear that the harsh sanction of dismissal of an indictment with prejudice is not warranted absent a showing of more than "an isolated unwitting violation" of the Speedy Trial Act by the prosecutor. *See United States v. Taylor*, 487 U.S. at 339.  And as this Court has noted, "[w]here the crime charged is serious, the sanction of dismissal with prejudice should ordinarily be imposed only for serious delay." *Simmons*, 786 F.2d at 485. Thus, dismissals with prejudice for a violation of the Speedy Trial Act generally require a showing of "truly neglectful attitude," "bad faith," a "pattern of neglect," or other serious misconduct, *Taylor*, 487 U.S. at 338-39, as well as actual prejudice to the defendant, *id*. at 340-41; *accord United States v. Gaskin*, 364 F.3d 438, 451 n.3 (2d Cir. 2004); *United States v. Wells*, 893 F.2d 535, 539 (2d Cir. 1990).

None of that is present here.  First, the crime is serious.  The defendants carried out a years-long scheme to deceive every participant in the payment processing system into processing roughly $160 million of illegal transactions.  Weigand claims that the issuing banks involved profited, but that does not diminish the scope and gravity of the lies and deceit that the defendant and his

11

coconspirators engaged in.  Whether the issuing banks profited, the defendants exposed them to serious regulatory, compliance, and reputational risk.  Weigand's argument that the issuing banks "do not care" is just wrong, and rests on a fundamental misunderstanding as to how the technology they describe actually works.  (*See* Weigand Br. at 8).

Second, the facts and circumstances that led to the purported violation of the Speedy Trial Act, as well as the impact of a reprosecution on the administration of the Act and on the administration of justice, also counsel in favor of dismissal without prejudice.  Because "this case did not involve intentional non-compliance with the Act, nor was it designed to gain a tactical advantage for the government," dismissal with prejudice is not warranted. *Simmons*, 786 F.2d at 485-86 (noting that "where the violation of the Act was unintentional and the resulting delay not overly long, and where appellant has not presented evidence of prejudice, we do not believe that the administration of justice would be adversely affected by reprosecution").

Third, Weigand cannot establish prejudice as a result of any Speedy Trial delay.  Weigand has been released on bail since October 2020.  While Weigand notes he has been away from home and is required to pay money to remain out of jail, these burdens, especially in light of the fact that this case was indicted less than a year ago, do not amount to prejudice warranting dismissal.

**A.  Weigand's Sixth Amendment Rights Have Not Been Violated**

Finally, Weigand's argument that his Sixth Amendment rights were violated by the delay between his arrest and the present are meritless and should be rejected.

The Supreme Court has identified four factors that "must be balanced" when considering whether the Sixth Amendment right to a speedy trial has been violated: "'length of delay, the reason for the delay, the defendant's assertion of his right, and prejudice to the defendant.'" *United*

12

*States v. Moreno*, 789 F.3d 72, 78 (2d Cir. 2015) (quoting *Barker v. Wingo*, 407 U.S. 514, 530 (1972)) (brackets omitted). "The first factor, the length of delay, also operates as a threshold inquiry," *id.*, as this Court "will only consider the other *Barker* factors when the defendant makes a showing that 'that the interval between accusation and trial has crossed the threshold dividing ordinary from presumptively prejudicial delay,'" *United States v. Ghailani*, 733 F.3d 29, 43 (2d Cir. 2013) (quoting *Doggett v. United States*, 505 U.S. 647, 652 (1992)) (further quotation marks omitted).[5]

Once the full *Barker* analysis is triggered, "no one factor is 'a necessary or sufficient condition to the finding of a deprivation of the right of speedy trial,' and all 'must be considered together with such other circumstances as may be relevant.' " *Moreno*, 789 F.3d at 78 (quoting *Barker*, 407 U.S. at 533). The length of the delay, for example, "cannot alone carry a Sixth Amendment claim without regard to the other *Barker* criteria." *Doggett*, 505 U.S. at 656. Thus, "*Barker* established a 'balancing test, in which the conduct of both the prosecution and the defendant are weighed.' " *Vermont v. Brillon*, 556 U.S. 81, 90 (2009) (quoting *Barker*, 407 U.S. at 530).

"[T]he second factor—reason for delay—is often critical." *Moreno*, 789 F.3d at 79. Delay caused by "deliberate government misconduct" weighs heavily in favor of finding a violation, *Id.*, while Government negligence "should be weighed less heavily" against the Government, *Barker*,

---

[5]   As this Court has explained, "the notion of a delay that is 'presumptively prejudicial' (*i.e.* long enough to trigger a Sixth Amendment inquiry) should not be confused with a delay that is so long as to cause 'presumptive prejudice' (*i.e.* prejudice that need not be specifically shown)" under the fourth *Barker* factor. *Moreno*, 789 F.3d at 78 n.3. "The former bears upon the need for a *Barker* analysis, whereas the latter bears upon the merits of that analysis." *Id.*

407 U.S. at 531. By contrast, the Sixth Amendment is "rarely violated" by delay attributable entirely to the defendant or delay that serves a legitimate purpose such as to "track . . . down" a defendant who "goes into hiding." *Moreno*, 789 F.3d at 79 (citations omitted).

There was no Sixth Amendment violation here. First, considering the time that Weigand expressly consented to exclude between his arraignment and the fall of 2020, the time that elapsed does not meet the threshold triggering further inquiry under *Barker*. *Compare United States v. Vassell*, 970 F.2d 1162, 1164 (2d Cir. 1992) (suggesting that the threshold may be eight months), *with Doggett*, 505 U.S. at 652 n.1 (suggesting that the threshold may be closer to one year). But even if the Court was to assume that the threshold has been met in this case, the four *Barker* factors demonstrate that Weigand has failed to establish a Sixth Amendment speedy trial violation.

The first *Barker* factor—the length of the delay—weighs heavily against Weigand, which is likely why that factor is hardly mentioned in his brief. (*See* Weigand Br. at 11). The reality is, moving from indictment to trial in less than a year in a complicated white collar case against two defendants is not unreasonable. Indeed, the Second Circuit has repeatedly rejected speedy trial claims based on far longer delays. *See, e.g.*, *United States v. Schlegel*, 687 F. App'x 26, 28 (2d Cir. 2017) (over three years); *Moreno*, 789 F.3d at 78-79 (twenty-seven months); *United States v. McGrath*, 622 F.2d 36, 41 (2d Cir. 1980) (two years); *United States v. Lasker*, 481 F.2d 229, 237 (2d Cir. 1973) (noting that two-year delay was "far less than that involved in *Barker*, where the court found no deprivation of the right"). Furthermore, this Court recently observed that a 22-month delay "was considerably shorter than that of other cases in which no Sixth Amendment violation has been found" and deemed the first factor to be "largely neutral." *United States v. Cain*,

14

671 F.3d 271, 296 (2d Cir. 2012)(quotation marks omitted); *see also Moreno*, 789 F.3d at 82 (noting that this Court has "regularly rejected Sixth Amendment claims based on multi-year delays"). The far shorter delay in this case weighs against Weigand.

Second, while Weigand attempts to put the blame for the delay on the "Southern District of New York's decision to suspend jury trials," (Weigand Br. at 11-12) he ignores the Court's reason for doing so: a pandemic that has killed approximately 500,000 Americans so far. Weigand's comparison to "gyms" remaining open is puzzling for many reasons: individuals attending a gym have voluntarily chosen to accept a certain risk of exposure; gyms typically do not involve twelve jurors (and alternates), clerks, and court reporters seated for long periods in enclosed spaces; and gyms tend not to enforce the right to confront the witnesses against an accused, necessitating that witnesses be present for such confrontation, subjecting themselves to risks that gym-goers may voluntarily accept. The Government is not the cause of this delay, the defendants' analogy is facile, and this factor does not favor Weigand.

With respect to the third factor, while Weigand asserted his desire for a speedy trial, he did so inconsistently.  There was no objection to excluding time from April 2020 through December 1, 2020—roughly 8 months.  Thus, this factor supports also weighs against Weigand.

As does the fourth *Barker* factor—prejudice from the delay—weigh against Weigand. "Excessive pretrial delay can inflict three kinds of cognizable prejudice: (i) oppressive pretrial incarceration, (ii) anxiety and concern of the accused, and (iii) the possibility that the defense will be impaired." *Moreno*, 789 F.3d at 81 (quotation marks omitted). Of these categories of prejudice, impairment of the defense is "the most serious." *Id.* (quotation marks omitted). "While

15

incarceration in the pretrial period [is] a hardship and must be included in the assessment of prejudice, [this Court] ha[s] generally required a showing of some significant trial-related disadvantage in order to establish a speedy-trial violation." *Cain*, 671 F.3d at 297 (citation and quotation marks omitted).

Weigand argues that he suffered prejudice from "mental agony" and the health ailments he suffered while imprisoned, as well as economic harm arising from having to spend money for a Manhattan apartment with a private guard.  (Weigand Br. at 9-10, 13).  Of course, the time Weigand spent in prison occurred when he was not objecting to the exclusion of time.  More fundamentally, Weigand makes no claim that his defense was impaired by the delay in this case. (*See id.*). This concession is effectively fatal to his claim. The burden of pretrial incarceration is common, and the anxiety of pending criminal charges is inherent in every case. *See, e.g.*, *United States v. Alvarez*, 541 F. App'x 80, 84 (2d Cir. 2013) (defendant detained for 29 months suffered "little, if any, prejudice from the delay in proceeding to trial"); *United States v. Howard*, 443 F. App'x 596, 599 (2d Cir. 2011) (fourth *Barker* factor did not weigh in defendant's favor because "other than incarceration, [he] has neither alleged[ ] nor established that he was prejudiced by the delay" of over three years); *United States v. Lagasse*, 269 F. App'x 87, 89 (2d Cir. 2008) (rejecting claim where defendant "point[ed] to no prejudice apart from anxiety that normally attends the initiation and pendency of criminal charges").

In sum, the pretrial delay was short, not caused by any deliberate action by the Government, and did not impair Weigand's defense or otherwise substantially prejudice him.  Therefore, there was no Sixth Amendment speedy trial violation.

16

**Conclusion**

For the foregoing reasons, Weigand's motion to dismiss should be denied.

Dated:  New York, New York
        February 25, 2021

                                        Respectfully submitted,

                                        AUDREY STRAUSS
                                        United States Attorney for the
                                        Southern District of New York


                              By:   __/s/_____
                                    Nicholas Folly
                                    Tara M. La Morte
                                    Emily Deininger
                                    Assistant United States Attorneys
                                    Tel.: 212-637-1060/1041/2472