```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------x
UNITED STATES OF AMERICA            :
                                    :
                                    :   20-cr-188 (JSR)
          -v-                       :
                                    :   ORDER
HAMID AKHAVAN & RUBEN WEIGAND,      :
                                    :
          Defendants.               :
                                    :
------------------------------------x
```

JED S. RAKOFF, U.S.D.J.

Now before the Court is the motion of non-parties Bank of America, N.A. ("Bank of America"), Rosemary Stack, and Michael Farrell to quash defendant Ray Akhavan's trial subpoena or in the alternative to permit video testimony, ECF No. 197. The motion is fully briefed.

Stack and Farrell live in Delaware and Georgia, respectively. Bank of America has offered a witness who resides in New Jersey and works in New York, Senior Vice President Rich Clow, whom Bank of America believes can testify regarding the topics about which defendants will inquire. The Government has also included Clow on its own witness list. Defense counsel concedes that Clow's testimony may be sufficient but argues that his testimony could be inconsistent with certain allegedly favorable statements made by Stack in an interview with the Government; in that case, defense counsel would intend to question Stack. Defense counsel also represents that Clow has indicated to the Government that he has

1

less expertise than Stack regarding certain pertinent matters; defense counsel intends to question Stack if Clow disclaims knowledge on a relevant topic within Stack's area of expertise. Finally, defense counsel seeks to elicit testimony from Farrell to lay a foundation for three allegedly relevant emails and may inquire regarding those emails. (The Government has declined to stipulate to their admissibility.)

On this record, the Court cannot yet ascertain whether the subpoenas are unreasonable. Therefore, the Court reserves judgment on the motion to quash. However, the alternative request for leave to testify, if necessary, by video is granted. Requiring the witnesses to travel during a pandemic when their need to testify remains uncertain would be oppressive. See Fed. R. Crim. P. 17(c).

For the foregoing reasons, the trial subpoenas directed to Stack and Farrell are modified to require that they appear to testify by two-way video, not in person. The Court will hear oral argument on this motion after Clow's testimony. At that time, the Court will quash the subpoenas unless the defense can identify relevant, admissible, non-cumulative testimony that it seeks from Stack and Farrell.

SO ORDERED.

Dated: New York, NY
March 3, 2021

_____
JED S. RAKOFF, U.S.D.J.

2