UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

               Plaintiff,

        -against-

RUBEN WEIGAND,

               Defendant.

Case No. 1:20-cr-00188 (JSR)

(ECF Case)

## NOTICE OF FILING OF LETTER

PLEASE TAKE NOTICE that attached is a letter to the Hon. Jed S. Rakoff from Michael J. Gilbert dated March 13, 2021.

Dated: New York, New York
       March 13, 2021

DECHERT LLP

By: /s/ Michael J. Gilbert
    Michael J. Gilbert
michael.gilbert@dechert.com
Three Bryant Park
1095 Avenue of the Americas
New York, New York 10036-6797 Tel.:(212) 698-3500
Fax: (212) 698-3599

*Attorneys for Ruben Weigand*



Three Bryant Park
1095 Avenue of the Americas
New York, NY  10036-6797
+1  212  698  3500  Main
+1  212  698  3599  Fax
www.dechert.com

**MICHAEL J. GILBERT**

michael.gilbert@dechert.com
+1 212 698 3886  Direct
+1 212 698 0426  Fax

March 13, 2021

Hon. Jed S. Rakoff
District Judge
United States District Court for the
Southern District of New York
Daniel Patrick Moynihan
United States Courthouse
500 Pearl St.
New York, NY 10007-1312

Re:  *United States v. Akhavan & Weigand*, No. 20-Cr-188 (Anticipates Testimony from Defense Expert Witnesses)

Dear Judge Rakoff:

In accordance with the Court's directive on March 12, 2021, Defendant Ruben Weigand, through his undersigned counsel, respectfully submits this letter to the Court setting forth the anticipated testimony from his proposed expert witnesses, Donald E. Vilfer and Stephen C. Mott. Copies of defense counsel's previous expert disclosures for Mr. Vilfer and Mr. Mott are attached for reference.  *See* Ex. A, Supplemental Disclosure of Potential Defense Expert Donald E. Vilfer; Ex. B, Supplemental Disclosure of Potential Defense Expert Stephen C. Mott.

### I. Expert Donald E. Vilfer:  Mr. Vilfer's Expected Testimony is Necessary to Mr. Weigand's Defense and Narrowly Tailored to the Issues Already Presented at Trial

As the Court acknowledged, the defense believes there are "serious limitations" to the Government's presentation of the documents located on Mr. Weigand's laptop. Trial Tr. at 1516:1–3. These deficiencies include gaps in the knowledge and testimony of CART Analyst Jessica Volchko and FBI Special Agent Robert Hupcher, in particular. Trial Tr. at 1516:1–3; Trial Tr. at 1521:17–1522:1 (The Court: "[M]y reading of the jury [when Agent Hupcher testified that he did not know about the 'date added' column] . . . is that they were interested in that and they were a little disappointed when the answer was I don't know.").

Mr. Vilfer's testimony will be based on his extensive experience in computer forensics, his review of a forensic image of Mr. Weigand's laptop (produced by the Government), and his forensic examination of a USB drive that was the source of the E.zip folder (Government exhibit 1801) that has been the subject of considerable trial testimony. Mr. Vilfer is expected to testify that the E.zip folder was copied onto Mr. Weigand's laptop on August 20, 2019 (*i.e.*, after the alleged conspiracy had ended). *See* Trial Tr. at 1520:13–15; *see* Indictment at ¶ 6 ("The Online



Marijuana Marketplace Company stopped accepting credit card payments in or around mid-2019."); *see also* Indictment at ¶ 1 (alleged that the charged conspiracy lasted from "[f]rom at least in or about 2016, up to and including in or about 2019").

Based on his examination of the forensic image of Mr. Weigand's laptop, Mr. Vilfer is also expected to testify that Mr. Weigand did not create any of the alleged phony websites that have been the subject of trial testimony, nor did he create, modify, or send to any third party any of the allegedly "fraudulent" merchant application packages discussed during cooperating witness Oliver Hargreaves' testimony. *See* Trial Tr. at 728:24–729:24.

### A. Bases for Mr. Vilfer's Testimony

As discussed in Mr. Weigand's December 21, 2020 Supplemental Disclosure of Potential Defense Expert, Mr. Vilfer will base his testimony on his review of a forensic image of Mr. Weigand's laptop, which was seized by the Government on the day of his arrest on or about March 9, 2020, and a forensic examination of the USB drive that was the source of the E.zip folder located on Mr. Weigand's laptop.[1]  Ex. A, at 2; Trial Tr. at 1518:3–1.

Based on his analysis of certain log files on Mr. Weigand's laptop and his examination of the USB drive, Mr. Vilfer is expected to testify that the USB drive was inserted into Mr. Weigand's laptop on August 20, 2019, which, of course, is after the alleged conspiracy ended. The contents of the USB drive were copied onto the laptop on the same date. Trial Tr. at 1520:13–15. They included the E.zip folder, which was admitted into evidence as GX 1801, along with the numerous files contained therein. Trial Tr. at 1518:13–21.

Mr. Vilfer's analysis of Mr. Weigand's electronic devices and the USB drive will be based strictly on applying his knowledge and experience as a computer crimes and mobile device forensic investigator to his personal review of a forensic image of the laptop and the USB drive.

### B. Mr. Vilfer's Expected Testimony

Defense counsel expects Mr. Vilfer's direct testimony to last approximately 45 minutes and to cover the following five topics:

1. An analysis of the E.zip folder, which was admitted into evidence as GX 1801 and discussed by CART Analyst Jessica Volchko and FBI Special Agent Robert Hupcher, including

---

[1] Defense counsel produced a forensic image of the USB drive to the Government on December 28, 2020 and separately produced the contents of the USB drive in native form to the Government on January 25, 2021.



Judge Rakoff
March 13, 2021
Page 3

testimony on when it was added to Mr. Weigand's laptop, and who authored the contents of the E.zip folder, among other pertinent metadata. *See* Trial Tr. at 627:23–628:3 (admitting GX 1801 into evidence); Trial Tr. at 1381:10–22 (Agent Hupcher testifying that he "didn't do any review" of the "date added" column for the E.zip folder and its contents); Trial Tr. at 1387:12–1388:3 (Agent Hupcher testifying "I don't know" who authored the contents of the E.zip folder).

2. An analysis of the zip files (admitted into evidence as GX 1149, GX 1151, GX 1265, GX 1346, and GX 1507) containing the various alleged phony merchant applications created by Mr. Hargreaves. *See* Ex. C, GX 3702 (summary table listing the six alleged proxy merchants described by Mr. Hargreaves); *see also* Trial Tr. at 728:24–729:24 (Hargreaves testifying that his "role was the creation of fraudulent application packs," which he then submitted to Mr. Weigand "for verification" and "to submit" to the acquiring banks).

Mr. Vilfer is expected to testify that, based on his review of a forensic image of the laptop, Mr. Weigand never used, changed, or sent these allegedly "fraudulent" merchant application materials to anyone else. *See also* Trial Tr. at 1407:17–1408:16 (Agent Hupcher's testimony concerning how the files in the International Standard 2 zip file were modified before they were added to Mr. Weigand's computer).

Agents Volchko and Hupcher were unable to provide testimony on whether the contents of the zip files were created, viewed, modified, or submitted to anyone else by Mr. Weigand. *See, e.g.,* Trial Tr. at 638:12–640:9 (Agent Volchko testifying that she "did not specifically look at the author" metadata and "do[es] not know who authored the documents" contained in GX 1149, 1151, 1265, 1346, and 1507).

3. Confirmation that the forensic copy of the laptop does not reflect that Mr. Weigand had electronic communications with U.S.-based banks, and did not visit the websites of U.S.-based banks.

4. Confirmation that Mr. Weigand did not create on his electronic devices any websites or merchant application packages that are the subject of trial testimony, including the websites and application packages discussed during Mr. Hargreaves' testimony. *See* Trial Tr. at 728:24–729:24.

5. Testimony about the lawful and common privacy-protection uses of the encrypted messaging applications discussed by Hargreaves and Agents Volchko and Hupcher.

Mr. Vilfer's proposed testimony regarding the lawful privacy-protection uses of Tor Browser, Protonmail, Telegram Chats, and WhatsApp Chats is necessary to rebut the Government's suggestion at trial that those applications are used principally for illegal purposes. *See* Trial Tr. at



Judge Rakoff
March 13, 2021
Page 4

746:15–747:17 (Hargreaves testifying that he would only use ProtonMail "[f]or illegal activities" and that he exchanged Telegram Chats with the defendants "[b]ecause it was considered a more secure method of communication."); Trial Tr. at 636:5–25 (Agent Volchko testifying that Tor Browser is "mainly used for anonymity and obfuscation of location" and that "ProtonMail is a web mail that is typically encrypted").

## II. Expert Stephen C. Mott: Mr. Mott's Testimony Will Concern Relevant Industry Practice Concerning Credit Card Networks, Their Rules, and Efforts to Comply with Those Rules

As defendant Akhavan's counsel put it at the start of trial, "the credit card processing systems are set up by the credit card companies, by Visa and MasterCard, and by the banks, to conceal, to hide, the truth that the banks know full well that their card holders are buying marijuana with their credit cards and their debit cards." Trial Tr. at 71:3–7.

Mr. Mott's expected testimony regarding the creation of new Merchant Category Codes and liability for non-secure e-commerce transactions bears directly on the incentives of issuing banks and what matters to an objectively reasonable issuing bank. His expected testimony will also explain the practices businesses commonly use to comply with Visa and MasterCard's Area of Use Rules, which require that a merchant and acquiring bank be located in the same jurisdiction, even when an issuing bank is not.

### A. Bases for Mr. Mott's Testimony

Mr. Mott's expected testimony will be based on his extensive experience in the payment processing industry.

Mr. Mott will base his testimony on his education, training, professional experience, and work with industry organizations, as well as his consideration of Visa and MasterCard rules produced in this case and other industry publications. Mr. Mott has more than three decades of experience in online and mobile transactions, debit and credit networks, authentication and security technologies, and emerging alternative payments. Of particular relevance to his testimony here, Mr. Mott was a senior executive at MasterCard for three years, serving as Senior Vice President of Electronic Commerce and New Ventures from 1995 to 1998.

### B. Mr. Mott's Expected Testimony

Defense counsel expects Mr. Mott's direct testimony to last approximately 45 minutes and to cover the following three topics:



Judge Rakoff
March 13, 2021
Page 5

1. As previously referenced in our November 3, 2020 disclosure, Mr. Mott is expected to testify "as to the jurisdictional constraints imposed on non-U.S. acquiring banks by Visa and MasterCard." Ex. B, at 3. Specifically, Mr. Mott is expected to testify that, in order to comply with Visa and MasterCard's "Area of Use" rules for acquiring banks, it is common practice for companies to locate subsidiaries or related entities in the same jurisdiction as their acquiring bank to facilitate payment processing.

2. Consistent with prior disclosures, Mr. Mott will testify about the influence that the credit card networks and the issuing banks have over the International Organization for Standardization (ISO) with respect to the creation of Merchant Category Codes. *See* Ex. B at 2.

3. Mr. Mott is further expected to testify that for non-secure e-commerce transactions, the transaction type at issue in this case, all financial liability for those transactions is borne by acquiring banks, not issuing banks. This fact bears on the incentives of issuing banks: for such transactions, issuing banks are always fully compensated, even in the event of chargebacks. *See* Ex. B at 3.

*             *             *

For the reasons set forth above, Mr. Weigand respectfully requests that the Court allow the testimony of defense experts Donald E. Vilfer and Stephen C. Mott.

Respectfully submitted,

*/s/ Michael J. Gilbert*

Michael J. Gilbert
Shriram Harid
Steven Pellechi
Amy Lesperance
Dechert LLP
Three Bryant Park
1095 Avenue of the Americas
New York, New York 10036-6797

Michael H. Artan
Michael H. Artan, Lawyer, A Professional Corporation
1 Wilshire Boulevard, Suite 2200
Los Angeles, CA 90071

*Attorneys for Defendant Ruben Weigand*