**quinn emanuel** trial lawyers | los angeles

865 South Figueroa Street, 10th Floor, Los Angeles, California 90017-2543 | TEL (213) 443-3000 FAX (213) 443-3100

WRITER'S DIRECT DIAL NO.
**(213) 443-3170**

WRITER'S EMAIL ADDRESS
**christayback@quinnemanuel.com**

March 11, 2021

<u>VIA ECF</u>

The Honorable Jed S. Rakoff
United States District Judge
Southern District of New York
500 Pearl Street
New York, New York 10007

Re:   <u>U.S. v. Akhavan, No. 20-cr-0188</u>

Dear Judge Rakoff:

We write respectfully on behalf of Defendant Hamid "Ray" Akhavan to respond to the letter submitted by Matthew Russell Lee of Inner City Press on March 10, 2021. It appears that Mr. Lee requests that he be provided electronic access to exhibits that have been admitted into evidence and that certain documents submitted in the case should be unredacted. Both requests should be denied.[1]

### I.   LEGAL STANDARD

The Supreme Court has recognized a qualified right to inspect and copy judicial records and documents. This common law right of access to judicial documents is [firmly] rooted in our nation's history. But while the existence of the common law right to inspect and copy judicial records is beyond dispute[,] it is equally clear that that right is not absolute. The decision as to access is one best left to the sound discretion of the trial court, a discretion to be exercised in light of the relevant facts and circumstances of the particular case.

Before any such common law right can attach a court must first conclude that the documents at issue are indeed 'judicial documents. Once the court has determined

---

[1] Unless otherwise noted, we have omitted internal citations, quotation marks, and alterations from this brief.

quinn emanuel urquhart & sullivan, llp

LOS ANGELES | NEW YORK | SAN FRANCISCO | SILICON VALLEY | CHICAGO | WASHINGTON, DC | HOUSTON | SEATTLE | BOSTON | SALT LAKE CITY
LONDON | TOKYO | MANNHEIM | HAMBURG | PARIS | MUNICH | SYDNEY | HONG KONG | BRUSSELS | ZURICH | SHANGHAI | PERTH | STUTTGART

> that the documents are judicial documents and that therefore a common law presumption of access attaches, it must determine the weight of that presumption. Last in the analysis, the court must balance competing considerations against it.

*United States v. Gatto*, No. 17-cr-686 (LAK), 2019 U.S. Dist. LEXIS 149914, at *3–4 (S.D.N.Y. Sep. 3, 2019); *see also Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119 (2d Cir. 2006); *Brown v. Maxwell*, 929 F.3d 41, 49 (2d Cir. 2019).

## II.  APPLICATION

### A.  Redactions

The two specific documents identified in Mr. Lee's letter (Exhibit B to ECF No. 170, admitted into evidence as GX1684, and ECF No. 224) are judicial documents.[2] At the second step of the analysis, it is true that the presumption of access "has been given great weight where the requested documents had been introduced at trial or had otherwise been material to a court's disposition of a case on the merits." *Gatto*, 2019 U.S. Dist. LEXIS 149914, at *4.

The third factor is the most important for the Court's analysis of Mr. Lee's request. "Once the weight of the presumption is determined, a court must balance competing considerations against it." *United States v. Amodeo*, 71 F.3d 1044, 1050 (2d Cir. 1995). Countervailing factors include: "(i) the danger of impairing law enforcement or judicial efficiency and (ii) the privacy interests of those resisting disclosure." *Id.*

Both documents that Mr. Lee has objected to are redacted because the defendants or third parties have strong countervailing privacy interests. ECF No. 224 redacts certain portions of 3500 material the government produced to the defense. No 3500 material has been introduced into evidence, and this Court has entered a protective order precluding the defense from sharing such material with anyone who is not on its legal team. *See* ECF No. 118. That is because the government, the witness, and the defense all have strong interests in that material not being released to the public. GX1684 redacts portions of an email thread that may contain personal identifying information, for which redaction is required. *See* Fed. R. Crim. P. 49.1(a). Even for those portions for which redaction is not required by Rule 49.1, this material should be redacted because it is not material to the Court's disposition of this case. Mr. Lee has not explained why the common law right of access to judicial documents justifies disclosure of information that is irrelevant to the disputed issues in this trial and may lead to unnecessary harassment of third parties to the litigation for no reason.

---

[2] Mr. Lee's letter refers to "[t]he Government's March 2/8 [sic] submission, Docket Number 253." At this time, there is no ECF No. 253 in this case, so it is unclear what document Mr. Lee intended to refer to. Mr. Lee also objects generically to redactions in "exhibits that have been entered into evidence in this case." While the Court might permit Mr. Lee to challenge redactions to individual exhibits, the burden should fall on him to articulate particularized objections to redactions in the first instance because whether a countervailing interest, such as the privacy interest of a third party, outweighs the common law right of access to judicial documents is an inherently fact specific determination that is not amenable to a blunderbuss objection.

### B. Electronic Access to Exhibits

Mr. Lee also appears to request that the U.S. Attorney's Office make the government's exhibits available online through USAfx. That request should be denied. Mr. Lee identifies no legal authority for the proposition that a member of the public is entitled to any greater level of access than would be available if she attended the trial. Mr. Lee is entitled to come to the trial and observe the exhibits as they are published to the jury, as is any member of the public. But permitting a member of the public to access the exhibits electronically would be a striking departure from centuries of historical practice and place an unprecedented burden on the parties in this case. Indeed, Mr. Lee seeks greater access to the documents of this case than even the jury has at this time. Mr. Lee simply does not have a right to access the exhibits introduced at trial via USAfx or any other electronic platform.[3]

### III.   CONCLUSION

For the foregoing reasons, the Court should deny Mr. Lee's request that certain exhibits should be redacted and for electronic access to exhibits admitted at trial.

Very truly yours,

*/s/ Christopher Tayback*

Christopher Tayback

CC:   All counsel of record (via ECF)

---

[3]   Mr. Lee's request also appears to be unworkable. Were the Court to grant the request, the government would presumably be required to publish USAfx log-in information publicly so that any member of the public could access the exhibits electronically. At a minimum, the Court should ask the government whether that would raise security concerns or is otherwise unworkable.