

*U.S. Department of Justice*

*United States Attorney
Southern District of New York*

*The Silvio J. Mollo Building
One Saint Andrew's Plaza
New York, New York 10007*

March 16, 2021

**BY ECF**

Honorable Jed S. Rakoff
United States District Judge
Southern District of New York
New York, New York 10007

      Re:    *United States v. Hamid Akhavan et al.*, S3 20 Cr. 188 (JSR)

Dear Judge Rakoff:

      The Government writes to address the question of whether the Court can determine, as a matter of law, that it would never be reasonable for a bank to conclude that misrepresentations concerning the legality of transactions are immaterial, because the bank could never reasonably believe that it is permissible to violate federal law so long as it can claim plausible deniability. (Trial Tr. dated Mar. 15, 2021, at 1594).

      The Government submits that there has not been any evidence in this trial supporting this defense theory. At the conclusion of the case, the defense should be precluded from making any arguments, including on materiality, that are not supported by the evidence introduced at trial. That said, determining this issue as a matter of law would not be appropriate because it would improperly take part of the materiality determination, which is a mixed issue of law and fact, away from the jury.

      As an initial matter, as the Court is well aware, it has long been established that materiality is an element of bank fraud to be submitted to the jury. *Neder v. United States*, 527 U.S. 1 (1999). In *United States v. Gaudin*, which concerned the element of materiality under 18 U.S.C. § 1001, the Court explained that the jury must both determine questions of purely historical fact—in that case, "what statement was made?" and "what decision was the agency trying to make"–*and* answer the ultimate question of whether such facts were material to the agency's decision by applying the legal standard of materiality to those facts. 515 U.S. 506, 512 (1995). The Court distinguished this mixed question of fact and law analysis from the determination of "pure" questions of law, which, obviously, are resolved by the court. *Id.* at 513. Notably, the Second Circuit, applying *Gaudin*, held that it is improper for a court to instruct a jury in a Hobbs Act robbery case that "if the object of the robbery is to obtain illegal drugs or money earned from the sale of drugs, the requirement of an effect on interstate commerce is satisfied," because that impermissibly takes part of the determination of the interstate commerce element away from the jury. *United States v. Parkes*, 497 F.3d 220, 224-225 (2d Cir. 2007).

      Based on this precedent, it would appear improper for a court to conclude, as a matter of law, that a particular misrepresentation could never be material to a reasonable bank because a reasonable bank could never conclude that violations of law are permissible so long as the bank had plausible deniability—notwithstanding that such a theory seems outlandish. As noted above, however, the Government asserts that on the current evidentiary record, there is no evidence to support the defendants' "plausible deniability" theory. At the conclusion of trial, the Court should preclude the defendants from making any materiality arguments that are not supported by evidence that is in the record.

                                                  Very truly yours,

                                                  AUDREY STRAUSS
                                                  United States Attorney

by: s/
                                                  Nicholas Folly
                                                  Tara LaMorte
                                                  Emily Deininger
                                                  Assistant United States Attorneys
                                                  (212) 637-1060 / 1041 / 2472

cc: all counsel of record (by ECF)