UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
UNITED STATES OF AMERICA                         LETTER / REQUEST
                              Plaintiff,
         -against-                                              CR 20-188 (JSR)

RUBEN WEIGAND and HAMID AKHAVAN       MARCH 25, 2021
                              Defendant.
-----------------------------------------------------------X

TO CLERK OF COURT, SOUTHERN DISTRICT OF NEW YORK:

You are requested to upload the note below on the public docket in case CR 20-188, *USA* v. *Weigand and Akhavan*.

Respectfully,

/s/ Jordan Ellison

Jordan Ellison
Investigative Journalist
750 Otay Lakes Road #1034
Chula Vista, CA 91910
jordan.l.ellison@protonmail.ch

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
UNITED STATES OF AMERICA                    LETTER / REQUEST
                Plaintiff,

  -against-                                CR 20-188 (JSR)

RUBEN WEIGAND and HAMID AKHAVAN            MARCH 25, 2021
                Defendant.
-----------------------------------------------------------X



### A. Government's Cooperating Witness

At trial, the Government offered testimony of a cooperating witness, a gentleman whose accent was distinctly British. His name, the prosecutors say, is Oliver Hargreaves. According to the prosecution, the witness was arrested on September 27, 2018, pled guilty to conspiracy to commit bank fraud, and began cooperating with the government. The witness also testified, under oath, that his name is "Oliver Hargreaves," that he was arrested on September 27, 2018, and that he pled guilty to the charge.

Careful search of electronic dockets on CM/ECF reveals that no "Oliver Hargreaves" appears as a defendant in any case, criminal or civil, in the Southern District of New York or in any other district among 94 judicial districts of the United States. Further, no defendant whose last name is "Hargreaves" - whatever his first name might be - corresponds to the cooperating witness. Further searches into the public records and into the surface web[1] yield no documents, no records, and no mentions of "Oliver Hargreaves" - ever, anywhere.

I respectfully request - with the Court's permission - that the Government:

a) state the true full name of the cooperating witness and its correct spelling[2];
b) provide the numbers and captions of all criminal cases in which the cooperating witness appeared as a defendant, as well as a case in which the witness pled guilty; and:
c) explain, for any case identified under b) that remains sealed, why it should not be immediately unsealed given the witness's testimony in open court.

### B. Public Access to Trial Exhibits

---

[1] The Surface Web is the portion of the World Wide Web that is readily available to the general public and searchable with standard web search engines such as Google.
[2] The Government has spelled witness's name as "Oliver Hargreaves" in its letters to the Court. *See, e.g.,* Doc. No. 224, p. 1.

On March 15, 2021, the Court directed both the Government and the defense to file all trial exhibits on the public docket by no later than 11:59 pm on March 16. Doc. 232. Neither party complied. Mr. Akhavan objected. Doc. 233. The Government did not even respond. This unexplained insubordination prevented journalists, including Mr. Lee and myself, from fully covering the trial.

Mr. Akhavan advances two arguments why these exhibits should not and cannot be released, one legal and one practical. But neither holds water.

*First,* the public *always* has greater access to "the documents of this case". The public can type ecf.nysd.uscourts.gov into Google Chrome and find the indictment, read the docketed materials, check the pre-trial motions and Your Honor's orders. The public may scour the internet for information about the case. The jury cannot.

*Second,* uploading two or three pdf files onto CM/ECF places no discernible – let alone "unprecedented" – burden on any party. Counsel have filed letters and exhibits electronically in this case at least 34 times in March alone. There is no need to use USAfx, a secure cloud-based file-sharing platform, to share *public records*. Counsel can use Google Drive, Box, or Dropbox. (A free version would suffice.) Or "post[] the exhibits on a publicly accessible website for a reasonable duration," as the Court directed them to. Doc. 232, n. 1. If this still poses a burden, I offer my time and expertise for free to aid counsel with this arduous task. At the end, any "security concerns" from disclosure requested here is the public scrutiny of these proceedings, which are fundamental to our system of justice. Every sealing, every redaction is a step away from that scrutiny.

Mr. Akhavan, ultimately, is correct about one thing. Providing exhibits to the public electronically would be "a striking departure from centuries of historical practice". But only because electronics did not exist for "centuries".

I thank Your Honor for accommodating investigative journalists in this case, e.g. Doc. 201, and congratulate on an important new book. Providing access to trial materials to interested parties is only one small step towards the world where "the innocent [don't] plead guilty and the guilty [don't] go free".

Respectfully,

/s/ Jordan Ellison

Jordan Ellison
Investigative Journalist
750 Otay Lakes Road #1034
Chula Vista, CA 91910
jordan.l.ellison@protonmail.ch

JORDAN ELLISON
750 OTAY LAKES ROAD #1034
CHULA VISTA CA 91910

RECEIVED
2021 MAR 26 PM 2:07
CLERK'S OFFICE
SDNY

Crim.Dkt JSR

UNITED STATES DISTRICT COURT
ATTN: CASE FILING CLERK
SOUTHERN DISTRICT OF NEW YORK
500 PEARL ST
NEW YORK NY 10007-1316

PRSRT FIRST-CLASS
US POSTAGE PAID
BROADSTROKE
WICHITA, KS